HONOLULU RAPID TRANSIT AND LAND COMPANY *v.* WILDER,[1] ASSESSOR.

ERROR TO THE SUPREME COURT OF THE TERRITORY OF HAWAII.

No. 22. Argued October 28, 29, 1908.—Decided November 16, 1908.

Where the record does not show that any Federal question was raised or suggested before the assignment of error in this court, a judgment of the Supreme Court of Hawaii cannot be reviewed by this court under § 86 of the act of April 30, 1900, c. 339, 31 Stat. 141.

The claim that a charter granted by the Republic of Hawaii has become a statute of the United States because ratified by act of Con-

---

[1] Substituted for Holt, assessor.

gress, must be asserted before assignment of error in this court in order to give this court jurisdiction to review on the ground that the construction of, or a right claimed under, a law of the United States is involved.

Writ of error to review 18 Hawaii, 15, dismissed.

THE facts are stated in the opinion.

*Mr. David L. Withington* and *Mr. Aldis B. Browne,* with whom *Mr. William R. Castle,* was on the brief, for plaintiff in error.

*Mr. Charles R. Hemenway,* Attorney General of the Territory of Hawaii, with whom *Mr. Mason F. Prosser,* was on the brief, for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This case is intended to bring up a question of deductions from gross income in assessing the income tax of the appellant, as well as that of the liability of the plaintiff in error to the tax. The liability to taxes not mentioned in the charter has been disposed of by the preceding case. As to the former question, the plaintiff in error says that it has no net income liable to taxation. But the whole tax assessed was $588.20, and therefore the case cannot be brought here under the act of March 3, 1905, c. 1465, § 3, 33 Stat. 1035. On the other hand, the record does not show that any Federal question was raised or suggested before the assignment of error in this court, and therefore the plaintiff in error has no standing under the act of April 30, 1900, c. 339, § 86, 31 Stat. 141. It is true that in the decision of the Tax Appeal Court it is said that the appellant claims under § 17 of its charter a right to charge certain amounts against income. But it does not appear there or elsewhere that the appellant set up that the charter was a statute of the United States, or that it relied upon Article I, § 10, or any other clause of the Constitution of the United States.

*Writ dismissed.*