## TOYOTA v. TERRITORY OF HAWAII.

ERROR TO THE SUPREME COURT OF THE TERRITORY OF HAWAII.

No. 49. Submitted November 13, 1912.—Decided December 2, 1912.

Section 1343, Revised Laws of Hawaii, imposing a license fee of six hundred dollars for auctioneers in the district of Honolulu and fifteen dollars for each other taxation district, is not unconstitutional

as depriving an auctioneer in Honolulu of his property without due process of law or as denying him the equal protection of the laws.

On writ of error to a territorial court only such questions are before this court as can be raised upon writ of error to a state court.

What amounts to selling at auction, within the meaning of a license statute, is for the state or territorial court to determine, and presents no Federal question reviewable by this court.

It is the province of the legislature to determine upon the amount of license fees, and unless the classification is arbitrary and unreasonable it may establish different amounts for different districts.

This court will assume that the legislature of a State or Territory takes into consideration the varying conditions in respective localities in which the same business is to be conducted, and unless palpably arbitrary the classification will not be disturbed.

In view of the fact that the great bulk of the business of Hawaii is done at Honolulu this court will not declare that a license fee of six hundred dollars for auctioneers in that district is an arbitrary and unreasonable classification as against fifteen dollars for auctioneer's license in other districts of Hawaii.

19 Hawaii, 651, affirmed.

The facts are stated in the opinion.

*Mr. D. W. Burchard* and *Mr. A. L. C. Atkinson* for plaintiff in error:

The power of the legislature of Hawaii under the Organic Act to license the occupation of auctioneer is conceded. Its power to do so by a law like that in question here, where auctioneers in the Territory are classified arbitrarily, with regard to locality, and with utter disregard to amount of population or amount of business done, is denied. In the case of *Trust Company* v. *Treasurer*, 19 Hawaii, 262, the Supreme Court judicially determined the numerical population of the various taxing districts, as follows: Honolulu, almost 40,000; Hilo, almost 20,000, and all others less than Hilo. The numerical population of these districts is a part of the history of the Territory, and it was the duty of the District Court and of the Supreme Court to take judicial notice of the same.

In the absence of any showing to the contrary the presumption is that these different districts so far as the occupation in question is concerned, do a volume of business proportionately to their respective population.

The statute in question imposes a burden upon the plaintiff in error and others engaged in the occupation of auctioneer in the district of Honolulu unequal to that imposed upon others engaged in the same occupation in other districts; it denies the equal protection of the law to the plaintiff in error and others engaged in auctioneering in Honolulu; it takes from the plaintiff in error his property without due process of law. *Ho Ah Kow* v. *Nuan*, Fed. Cas. No. 6546; *State* v. *Mitchell*, 97 Maine, 66; *State* v. *Shedroi*, 75 Vermont, 277; *Ex parte Deeds* (Ark.), 87 S. W. Rep. 1030; *In re Yot Sang*, 75 Fed. Rep. 983; *Re Cope's Estate*, 191 Pa. St. 1; *Barbier* v. *Connolly*, 113 U. S. 27; *Soon Hing* v. *Crowley*, 113 U. S. 704; *Ex parte Jentsch*, 112 California, 468; *Luman* v. *Hutchins Bros.*, 90 Maryland, 14; *Evansville* v. *State*, 118 Indiana, 426; *State* v. *Cadigan*, 73 Vermont, 245; *State* v. *Wiggin*, 64 N. H. 508; *Sayre* v. *Phillips*, 148 Pa. St. 482; *Hoadley* v. *Board Ins. Coms.*, 37 Florida, 564; *Rossmiller* v. *State*, 114 Wisconsin, 169; *Gulf, C. & S. F. R. Co.* v. *Ellis*, 165 U. S. 150; *State* v. *Loomis*, 115 Missouri, 307; *Stratton* v. *Morris*, 89 Tennessee, 497; *Bell's Gap R. Co.* v. *Pennsylvania*, 134 U. S. 232; *Territory* v. *McDonald*, 17 Hawaii, 389; *South & North Ala. R. Co.* v. *Morris*, 65 Alabama, 193; *Chicago, St. L. &c. R. Co.* v. *Moss*, 60 Mississippi, 641; *St. Louis &c. R. Co.* v. *Williams*, 49 Arkansas, 492; *Jollife* v. *Brown*, 14 Washington, 155; *Grand Rapids Chair Co.* v. *Runnels*, 77 Michigan, 104; *San Antonio & A. P. R. Co.* v. *Wilson*, 19 S. W. Rep. 910; *Atchison & N. R. Co.* v. *Baty*, 6 Nebraska, 37; *Yick Wo* v. *Hopkins*, 118 U. S. 356; *Dobbins* v. *Los Angeles*, 195 U. S. 223; *San Mateo* v. *Southern Pac. R. Co.*, 13 Fed. Rep. 722; *Santa Clara* v. *Southern Pac. R. Co.*, 118 U. S. 394; *Territory* v. *Pottie*,

19 Hawaii, 99; *Raymond* v. *Chicago Traction Co.,* 207 U. S. 20; *Seaboard A. & R. Co.* v. *Simmon,* 47 So. Rep. 1001; *Off* v. *Morehead,* 235 Illinois, 40; Cooley, Const. Lim. (4th ed.), p. 744; Cooley on Taxation (2d ed.), 169.

The statute, because of its discriminating nature, the imposition by it of burdens upon some which are not placed upon others, violates the letter and spirit of § 55 of the Organic Act creating the Territory of Hawaii, in that it exempts individuals outside of Honolulu from a burden placed upon the residents of Honolulu.

The stipulated facts do not show a public auction within the purview of the statute.

The language of the statute contemplates a public auction. The word "public" is not used in § 1343, nor in § 1344, but § 1345 prescribes a bond to the effect that the auctioneer "will not sell goods," etc., "except at public auction." The statute being penal must be strictly construed. Wharton's Crim. Law (10th ed.), § 28; Clark's Crim. Law (2d ed.), p. 31.

The legislature intended by the word "auction" in the statute a "public" auction or one made in the usual way. See Black's Law Dictionary for definition of the word "auction"; Bateman on Auctions, pp. 1, 2.

The stipulated facts show that the sale of fish was not to the highest bidder, but that the bids were confined to one class of persons, namely, the retail dealers in fish, and that the general public were excluded. See 1 Greenleaf on Evidence, § 128, as to word "public."

The license is forty times as great as in Hilo and other districts within the Territory of Hawaii, and violates the Fifth Amendment to the Constitution in that it takes from such person his property without due process of law, and violates the Fourteenth Amendment in that it makes an arbitrary classification and discriminates between persons engaged in the same occupation in the Territory

of Hawaii, and denies to the plaintiff in error the equal protection of the law.

Mr. Alexander Lindsay, Jr., Attorney General of Hawaii, Mr. Charles R. Hemenway and Mr. E. W. Sutton, Deputy Attorney General, for defendant in error:

The Hawaiian law requiring a higher license fee for auctioneers in the district of Honolulu than in other taxation districts of the Territory does not constitute arbitrary discrimination and is not contrary to the equal protection clause of the Fourteenth Amendment to the Constitution.

The guarantee of equal protection contained in the Fourteenth Amendment has been considered so many times by our courts that there can be no doubt as to the limitations which it places upon the power of the States. The Amendment was designed to prevent laws discriminating against some and favoring others of the same class—arbitrary and unreasonable discriminations. It was not designed to prohibit the States from enacting laws which classify the objects of taxation so long as the classification is reasonable and all persons within the class are treated alike. Nor was it designed to prevent a State from diversifying its legislation in this regard to meet diversities in situations and conditions within its borders. Cooley, Constitutional Limitations (6th ed.), 479–481; Giozza v. Tiernan, 148 U. S. 657, 661; Soon Hing v. Crowley, 113 U. S. 703; Hayes v. Missouri, 120 U. S. 68, 71; Home Ins. Co. v. New York, 134 U. S. 594; Barbier v. Connolly, 113 U. S. 27; State v. O'Hara, 36 La. Ann. 93; State v. Schlier, 50 Tennessee, 242; O'Hara v. State, 121 Alabama, 28; Texas Banking Co. v. State, 42 Texas, 636; East St. Louis v. Wehrung, 56 Illinois, 592; Cargill Company v. Minnesota, 180 U. S. 452; Heath & Milligan v. Worst, 207 U. S. 338, 354; Bachtel v. Wilson, 204 U. S. 36; Bell's Gap Ry. v. Pennsylvania, 134 U. S. 232; Strange v.

*Commissioners*, 91 N. E. Rep. 242 (Ind.); *State* v. *Mitchell*, 97 Maine, 66, 70; *Missouri* v. *Lewis*, 101 U. S. 22.

Judged from the principles enunciated in these cases, the Hawaiian statute requiring a higher license fee for auctioneers in Honolulu than elsewhere is clearly constitutional, for the difference in license fees is based upon a difference not only in population, but in the amount of business transacted in the different places. *Trust Company* v. *Treasurer*, 19 Hawaii, 262.

It is not sufficient ground for holding such a statute unconstitutional that it may possibly be arbitrary and unreasonable, but it must be as a matter of fact actually arbitrary and unreasonable. *Heath & Milligan* v. *Worst*, 207 U. S. 338; *Bachtel* v. *Wilson*, 204 U. S. 36; *Trust Co.* v. *Treasurer*, 19 Hawaii, 262; *Ozan Lumber Co.* v. *Union County Bank*, 207 U. S. 251; *Magoun* v. *Ill. Trust and Savings Bank*, 170 U. S. 283; *Hayes* v. *Missouri*, 120 U. S. 68; *Missouri* v. *Lewis*, 101 U. S. 22; *Clark* v. *Kansas City*, 176 U. S. 114, 119.

The classification made by the act in question is reasonable and based upon differences in conditions which justify it, and consequently the act is not in conflict with the Fourteenth Amendment.

With regard to decisions of territorial courts, the rule is that this court "will lean toward the interpretation" of the territorial court. The Supreme Court of Hawaii having construed the law with regard to auctioneers and having reached the conclusion that the sale conducted by this defendant was within the meaning of the Hawaiian statute, and this construction not involving any Federal question, this court will consider the decision upon those points as having great weight if not decisive. *Missouri, K. & T. R. Co.* v. *McCann & Smizer*, 174 U. S. 580, 586; *Illinois Cent. R. Co.* v. *Illinois*, 163 U. S. 142, 152; *Chicago, M. & St. P. R. Co.* v. *Minnesota*, 132 U. S. 418, 456; *Atchison, T. & S. F. R. Co.* v. *Matthews*, 174

U. S. 97; *Dower* v. *Richards,* 151 U. S. 658, 672; *Egan* v.
*Hart,* 165 U. S. 193; *Copper Queen Consol. Min. Co.* v.
*Arizona,* 206 U. S. 474, 479; *Kealoha* v. *Castle,* 210 U. S.
149, 154.

The sale conducted by Toyota was an auction within
the meaning of the Hawaiian statute.

MR. JUSTICE HUGHES delivered the opinion of the court.

The plaintiff in error was convicted in the District
Court of Honolulu, Hawaii, of the offense of selling goods
at auction, in Honolulu, without an auctioneer's license,
and was sentenced to pay a fine of six hundred dollars and
costs. The Supreme Court affirmed the conviction and
the case comes here on error.

In order to obtain a license for auction sales it was
necessary to pay the fee prescribed by § 1343 of the Re-
vised Laws of the Territory of Hawaii, which provides:

"The annual fee for a license to sell goods, wares and
merchandise or other property at auction, shall be six
hundred dollars for the district of Honolulu, and fifteen
dollars for each other taxation district."

An agreed statement of facts showed that the plaintiff
in error was the agent of the corporation known as the
"Hawaiian Fisheries, Limited," which handled fish daily
for a large number of fishermen. The catch was brought
to the market in Honolulu, where the plaintiff in error
offered it in basket lots, each basket containing from 70
to 100 pounds, to the retail dealers of fish only, the one
bidding the highest price becoming the purchaser.

The plaintiff in error contended in the territorial court
that he did not sell at auction within the meaning of the
statute, and further, that the statute, if it was applicable,
denied to him the equal protection of the laws contrary to
the Fourteenth Amendment of the Constitution of the
United States because of the discrimination between the

district of Honolulu and other districts in the amount of the license fees imposed.

The Supreme Court of Hawaii assumed, as the plaintiff in error argues, that the word "auction" in § 1343 means public auction. This conclusion was reached in the light of the requirement of § 1345 that the bond to be given by the person receiving the license should contain a provision that he will not sell "except at public auction"; and the court ruled that the sales conducted by the plaintiff in error were sales at public auction within the contemplation of the statute although bids were accepted only from the retail dealers or the persons conducting fish tables at the market. This ruling presents no Federal question and hence is not reviewable here, as only such questions are before us upon this writ of error as could be raised upon a writ of error to a state court. Act of April 30, 1900, c. 339, § 86, 31 Stat. 141, 158; *Equitable Life Assurance Society* v. *Brown,* 187 U. S. 308, 309; *Notley* v. *Brown,* 208 U. S. 429, 440. In view of the amount involved, the case cannot in any view come within the amendment made by the act of March 3, 1905, c. 1465, § 3, 33 Stat. 1035; *Honolulu Transit Co.* v. *Wilder,* 211 U. S. 144.

The remaining contention, urged in various forms by the assignments of error, comes to the single point that the statute created an arbitrary classification. It cannot be said, however, that there was no reasonable basis for a distinction between Honolulu and other districts. And it was the province of the legislature to decide upon the amount of the fees which should be charged. It must be assumed that in so deciding it took into account varying conditions in the respective localities, as, for example, in the amount of business transacted and in the corresponding value of such licenses. Necessarily, as was said in *Magoun* v. *Illinois Trust and Savings Bank,* 170 U. S. 283, 294, the power of classification "must have a wide range of discretion." It is not reviewable "unless pal-

pably arbitrary." *Orient Insurance Co. v. Daggs*, 172 U. S. 557, 562; *Louisville & Nashville R. R. Co. v. Melton*, 218 U. S. 36, 52–55; *Engel v. O'Malley*, 219 U. S. 128; *Lindsley v. Natural Carbonic Gas Co.*, 220 U. S. 61, 78; *Mutual Loan Co. v. Martell*, 222 U. S. 225, 235. With its intimate knowledge of local conditions, the Supreme Court of the Territory said upon this point: "The great bulk of the business of the Territory is done in Honolulu. It is not for us to say whether we would make the difference in the amount of license fees in this case as large as the legislature has made it. It is sufficient that we cannot say that the difference is unreasonable or that the statute is unequal or arbitrary in its operation." We find no ground for a different conclusion.

*Judgment affirmed.*