## 11732

CURDTS *ET AL.* v. S. C. TAX COMMISSION

McBEE v. SAME

(127 S. E., 438)

1. STATUTES—ACT IMPOSING TAX ON PLACES OF AMUSEMENT HELD NOT INVALID AS BEING SPECIAL LAW WHERE GENERAL LAW WOULD SUFFICE.—Act March 26, 1923 (33 St. at Large, p. 21), § 11, subd. (e), imposing tax on places of amusement, is not valid under Const. Art. 3, § 34, subd. 9, as being special law where general law would suffice.

2. CONSTITUTIONAL LAW—THEATERS AND SHOWS—STATUTE IMPOSING TAX ON ADMISSIONS TO PLACES OF AMUSEMENT HELD NOT INVALID AS DISCRIMINATORY.—Act March 26, 1923 (33 St. at Large, p. 21), § 11, subd. (e), imposing tax on admissions to places of amusement is not invalid as discriminatory as exempting places of amusement in towns of less than 2,000 population, and collegiate and public school amusements and swimming pools where picnic grounds are maintained free, and exempting admissions to places of amusement where proceeds inure directly to religious, chairtable, educational, or eleemosynary organizations, or to any agricultural or industrial society or association.

3. CONSTITUTIONAL LAW—STATUTE IMPOSING TAX ON PLACES OF AMUSEMENT HELD NOT VIOLATIVE OF DUE PROCESS CLAUSE OF STATE AND FEDERAL CONSTITUTIONS.—Act March 26, 1923 (33 St. at Large, p. 21), § 11, subd. (e), imposing tax on places of amusement, is not invalid as a taking of property without due process of law in violation of Const. S. C., Art. 1, § 5, or of Const. U. S., Amend. 14.

4. STATUTES—REVENUE STATUTE HELD TO EVIDENCE LEGISLATIVE INTENT THAT INVALIDITY OF PARTICULAR SECTION SHOULD NOT AFFECT WHOLE.—Act March 26, 1923 (33 St. at Large, p. 21), *held* to clearly evidence legislative intent that if Section 11, subd. (e), be unconstitutional, the remainder of the Act should remain unaffected.

Before WILSON, J., Greenville, November, 1924. Affirmed.

Three actions, by Ed C. Curdts and Vardy McBee, by Ed C. Curdts and Robert Wilson, and by S. L. McBee, against the South Carolina Tax Commission, brought under Revenue Act 1923, § 22 (33 St. at Large, p. 28), to recover taxes paid under Section 11, subd. (e), on admissions to places of amusement conducted by plaintiffs, wherein the

constitutionality of Section 11, subd. e, was attacked on grounds, first, that it was a special law where a general law would suffice, violative of Const., 1895, Art. 3, § 34, Subd. 9; second, that tax was not uniform and equal, but discriminatory, in that it exempted places of amusement located in unincorporated towns and villages having population of less than 2,000, and collegiate and public school amusements and swimming pools, where picnic grounds were maintained free, and because it exempted admissions to places of amusement where proceeds inured directly to religious, charitable, educational, or eleemosynary organizations, or to agricultural or industrial societies or associations; and, third, on the ground that it was a taking of property without due process of law, in violation of Const. S. C., Art. 1, § 5, or Const. U. S. amend. 14.   From judgment for defendant in each case, plaintiffs appeal.   Affirmed.

*Messrs. Bonham, Price & Poag,* for appellants, cite: *Special laws:*   66 S. C., 221; 99 S. C., 381; 109 S. C., 1; 110 S. C., 517.   *Tax not uniform:*   75 S. C., 62; 106 S. C., 190; 56 S. C., 522; 93 N. E., 304; 183 U. S., 79; 134 U. S., 232; 165 U. S., 150; 170 U. S., 283; 119 S. E., 244.

*Messrs. Samuel M. Wolfe, Jno. M. Daniel, Atty. General* and *Cordie Page, Asst. Atty. General,* for respondent, cite: *Act in question:*   Act 1923, p. 21, Sec. 11, Bubsec. e.   *Act Constitutional:*   122 S. C., 481; 61 S. C., 210; 8 L. Ed., 1116; 151 Pac., 398; 40 L. R. A., 1207; 21 S. C., 296; 100 S. C., 478; 108 S. C., 98; 40 S. E., 12; 220 U. S., 609; 61 S. W., 218; 96 A. S. R., 893; 15 Pa. Sup. Ct., 271; Cooley Tax, Secs. 349, 352; 103 S. E., 65; 59 S. C., 426; 67 S. C., 35; 38 S. C., 103; 110 N. W., 241; Gray Lim. Tax Power, Sec. 1424; 56 L. Ed., 350; 217 U. S., 114; 86 S. C., 96; 62 S. C., 524; 74 S. C., 207; 121 S. C., 9; 76 S. C., 28; 5 L. R. A., 559; 143 U. S., 517; 233 U. S., 331; 103 S. C., 10; 113 S. E., 345; 85 S. C., 507; 7 L. Ed., 939; 73 S. C., 195; 122 S. C., 476; 264 U. S., 286.

April 1, 1925.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

"These cases were brought to test the validity of the Act of March 26, 1923, which imposes a tax upon places of amusement. By agreement with the Attorney General, the decision in this case was to be binding upon all places in the state in like situation. The issue raised is a clear challenge to the constitutionality of the act.

"It is maintained in the exceptions that the act is unconstitutional in four particulars: First, that it is a special law where a general law would suffice; second, that the tax is not uniform and equal; third, that it is a taking of property without due process of law as inhibited by the State Constitution; and, fourth, a violation of the due process clause of the United States Constitution."

These exceptions are overruled under the authority 1-4 of *Budd v. State of New York,* 145 U. S., 517; 12 S. Ct., 468; 36 L. Ed., 247, and for the further reason that it was clearly the intent of the Legislature, in passing the act in question, that if the proviso was declared by the Court to be unconstitutional that the remainder of the act should remain unaffected. A reading of the act clearly indicates this.

All exceptions are overruled, and judgment affirmed.

MESSRS. JUSTICES FRASER and MARION concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE COTHRAN did not participate.