## WAMPLER *v.* LECOMPTE, STATE GAME WARDEN, ET AL.

No. 402. Argued November 25, 1930.—Decided December 8, 1930.

*Mr. Thomas Morris Wampler, pro se.*

*Messrs. Robert H. Archer* and *William L. Marbury, Jr.,* Assistant Attorneys General of Maryland, were on the brief for appellees.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

The game laws of Maryland provide for granting annual licenses for the erection and maintenance of duck blinds in the waters of the State. No blind may be placed at a greater distance from the natural shore than 300 yards; and blinds must be at least 500 yards apart. A preferential right to select the position for a blind is conferred upon the riparian owner; but he may not place a blind "within 250 yards of the dividing line of any property owned by him and the adjoining property bordering on said waters . . . unless with the consent of the adjoining landowner." For certain waters the limitations prescribed are different from those above stated. In some, permission to erect a blind is wholly denied. For others, existing licenses are made renewable without condition. Code of Public General Laws of Maryland (Supp. 1929), Article 99, §§ 40–47.

Wampler, a resident of Charles County, owns land bordering on the Potomac River for a distance of less than 44 feet. Claiming to act under a license issued to him in June, 1929, he erected a duck blind at a point within 250 yards of the dividing line of his land and that of the adjoining owners on both the north and the south. Game wardens, acting pursuant to the statutes, destroyed Wampler's blind as being an illegal structure; and they threatened to destroy any other blind which he might erect under like conditions. To enjoin such action Wampler brought this suit against them in a state court. He conceded that the State has power to prohibit altogether the erection of blinds or to regulate their erection and

maintenance.[1] His sole claim is that this statute violates the equality clause of the Fourteenth Amendment, because it discriminates in favor of riparian owners with a frontage of more than 500 yards; and also because it does not apply uniformly to all the waters of the State. The hearing was on bill and answer. The trial court dismissed the bill on the merits. Its decree was affirmed by the highest court of the State. 150 Atl. 455.

No fact is shown on which to base the contention that the State's power of classification has been exercised unreasonably. The purpose of the legislation is, as the court found, "the conservation of water fowl and the protection and safety of those engaged in shooting them. The necessity for such regulation is apparent, for if blinds could be erected in broad waters at any distance from the shore, without regard to the distance separating them, it would not only be conducive to the destruction and annihilation of ducks and other water fowl, but extremely dangerous to those shooting them." 150 Atl. 457. The provision which prohibits placing a blind within 250 yards of the land of an adjoining owner without securing his consent, is a necessary incident of the preferential right conferred upon riparian owners. See *Sheehy v. Thomas*, 155 Md. 688. There was obviously no intention to discriminate in favor of persons having a large water frontage; for the consent provision enables owners of small frontages to join in erecting blinds spaced the requisite distance apart.

Nor is the equality clause violated by the special provisions that in certain inland waters blinds need not be placed farther apart than 250 yards. The state court, relying upon *Lindsley v. Natural Carbonic Gas Co.*, 220

---

[1] Compare *Smith* v. *Maryland*, 18 How. 71; *McCready* v. *Virginia*, 94 U. S. 391; *Manchester* v. *Massachusetts*, 139 U. S. 240; *Lawton* v. *Steele*, 152 U. S. 133..

U. S. 61, 78, said: " Why these provisions were inserted in the statute we are not informed, but we may assume, until the contrary is shown, that a state of facts in respect thereto existed which warranted the legislature in so legislating." 150 Atl. 458. This long-settled rule disposes also of the alleged discrimination created by the special exemptions applicable to certain other waters of the State.[2]

*Affirmed.*

[2] See *Close* v. *Glenwood Cemetery*, 107 U. S. 466, 475; *Powell* v. *Pennsylvania*, 127 U. S. 678, 685; *Chicago Dock Co.* v. *Fraley*, 228 U. S. 680, 686; *Rast* v. *Van Deman & Lewis Co.*, 240 U. S. 342, 357.