**SOUTHERN GROCERY STORES, Inc., et al. v. SOUTH CAROLINA TAX COMMISSION et al.**

District Court, E. D. South Carolina.
Feb. 2, 1932.

**932**

Gwinn & Pell and Davies, Auerback & Cornell, all of New York City, Harold Hirsch & Marion Smith and W. B. Cody, all of Atlanta, Ga., and Benet, Shand & McGowan, of Columbia, S. C., for complainants.

J. Fraser Lyon, of Columbia, S. C., for defendants.

Before PARKER and NORTHCOTT, Circuit Judges, and GLENN, District Judge.

PARKER, Circuit Judge.

This is a suit brought by the Southern Grocery Stores, a Delaware corporation, in behalf of itself and others similarly situated, against the members of the South Carolina tax commission, to enjoin the enforcement of the South Carolina chain store tax, being Act No. 829 of 1930 (36 St. at Large, p. 1384). A motion to dismiss has been made, based on a number of grounds; but defendants now make no point that there is an adequate remedy at law, withdrawing the contention to that effect, and consenting that equity take jurisdiction if the bill states any ground of relief. They contend, however, that the statute attacked is valid, and that the bill alleges no ground for the relief prayed.

The statute in question is as follows:

"Section 1. Every person, firm or corporation or association engaged in the business of operating or maintaining in this State under the same general management, supervision, or ownership one or more stores or mercantile establishments where goods, wares, and/or merchandise are offered for sale at retail, shall pay an annual license tax, in addition to all other license fees or charges, for each store or mercantile establishment situate in any incorporated city and/or town in this State, in accordance with the following schedule:

First store ...................... $  5.00
Second store ....................   10.00
Third store .....................   15.00
Fourth store ....................   20.00
Fifth store .....................   25.00
Sixth store .....................   30.00
Seventh store ...................   35.00
Eighth store ....................   40.00
Ninth store .....................   45.00
Tenth store .....................   50.00
Eleventh store ..................   55.00
Twelfth store ...................   60.00
Thirteenth store ................   65.00
Fourteenth store ................   70.00
Fifteenth store .................   75.00
Sixteenth store .................   80.00
Seventeenth store ...............   85.00
Eighteenth store ................   90.00
Nineteenth store ................   95.00
Twentieth store .................  100.00
Twenty-first store ..............  105.00
Twenty-second store .............  110.00
Twenty-third store ..............  115.00
Twenty-fourth store .............  120.00
Twenty-fifth store ..............  125.00
Twenty-sixth store ..............  130.00
Twenty-seventh store ............  135.00
Twenty-eighth store .............  140.00
Twenty-ninth store ..............  145.00
Thirtieth store .................  150.00

"For each store in excess of thirty stores, an annual tax of One Hundred and Fifty ($150.00) Dollars for each store: Provided, That the tax herein imposed shall not apply to gasoline filling stations.

"§ 2. For the purpose of grading and determining the amount of the tax herein provided, it is hereby declared to be the purpose and intent of this Act to consider any person, firm, corporation or association herein taxed as being the person, firm, corporation or association which ultimately controls or directs the management or control of any stores or other mercantile establishments, or group or association of stores or mercantile establishments, whether the same be operated under separate charter or not.

"§ 3. That for the year 1930, the taxes herein provided for shall be paid to the South Carolina Tax Commission on or before the thirtieth day of June, and that for the years thereafter, the said license taxes shall be paid on or before the 1st day of April.

"§ 4. That the administration of this Act is vested in the South Carolina Tax Commission which shall prescribe rules and regulations pertinent to the enforcement of this Act. It shall have power to enter upon the premises of any taxpayer and examine, or cause to be examined by any agent or representative designated by it for that purpose, any books, papers, records, or memoranda and to secure any other information directly or indirectly concerned in the enforcement of this Act.

"That all the provisions of an Act entitled 'An Act to Raise Revenue for the Support of the State Government, etc.' approved

March 10, 1928, and being Act No. 574, are hereby adopted for the purpose of the enforcement and administration of this Act.

"§ 5. That any person, firm, corporation or association, liable for the tax herein provided for who shall fail to comply with any lawful regulation of the South Carolina Tax Commission, or who shall fail to pay the tax within the time herein provided, shall be liable to a penalty of Five Hundred ($500.00) Dollars: Provided, That the South Carolina Tax Commission may remit said penalties in whole or in part.

"§ 6. All Acts or parts of Acts inconsistent herewith are hereby repealed.

"§ 7. This Act shall take effect immediately upon its approval by the Governor."

In the light of recent decisions of the Supreme Court, we think there can be no question as to the constitutionality of this statute. State Board of Tax Commissioners of Indiana v. Jackson, 283 U. S. 527, 51 S. Ct. 540, 75 L. Ed. 1248, 73 A. L. R. 1464; Great Atlantic & Pacific Tea Co. v. Maxwell, 284 U. S. ——, 52 S. Ct. 26, 76 L. Ed. ——; Great Atlantic & Pacific Tea Co. v. Morissett, 284 U. S. ——, 52 S. Ct. 127, 76 L. Ed. ——.

■ Complainant contends that the classification of the statute is unreasonable as applied to it, because the bill alleges that chain stores in South Carolina do not enjoy any advantage over singly operated stores, many of which have all the advantages of chain stores because of membership in co-operative buying associations. The inquiry, however, is not whether the facts upon which the Legislature acted in making the classification exist as to a particular complainant or group of complainants, but whether the classification was palpably arbitrary. If not palpably arbitrary, the classification is valid. Metropolis Theater Co. v. Chicago, 228 U. S. 61, 62, 33 S. Ct. 441, 57 L. Ed. 730; Toyota v. Hawaii, 226 U. S. 184, 33 S. Ct. 47, 57 L. Ed. 180. And it is the duty of the court to sustain it, if any state of facts can be conceived of upon which the classification may reasonably rest. Rast v. Van Deman & Lewis Co., 240 U. S. 342, 36 S. Ct. 370, 60 L. Ed. 679, L. R. A. 1917A, 421, Ann. Cas. 1917B, 455; Wampler v. Le Compte, 282 U. S. 172, 51 S. Ct. 92, 75 L. Ed. 276; State Board of Tax Commissioners of Indiana v. Jackson, supra, 283 U. S. 527, 51 S. Ct. 540, 543, 75 L. Ed. 1248, 73 A. L. R. 1464; South Carolina Power Co. v. South Carolina Tax Commission (D. C.) 52 F.(2d) 515. In view of what was said in the Indiana Chain Store Tax Case, we would not be justified in holding the classification here to be arbitrary because some singly operated stores may enjoy the advantages secured by chain store operation.

■ There can be no question, we think, but that the exemption of gasoline filling stations from the tax rests upon a reasonable classification. Such stations as a general rule sell only gasoline and other articles of merchandise upon which the state collects a heavy excise tax, and it was doubtless for this reason that they were exempted from the tax in question. Furthermore, such filling stations are quite distinct from ordinary stores or mercantile establishments. Of course, if the operator of a filling station should operate a store or mercantile establishment in connection therewith, such stores would unquestionably be subject to the tax prescribed by the statute. Nor do we think that an unreasonable classification results from the fact that the tax is imposed only upon stores operated in incorporated cities and towns. We take judicial notice of the fact that there are very few unincorporated towns in South Carolina; and the purpose of the act was evidently to exempt country stores from the tax. It requires no argument to demonstrate that country stores are in a class very different from those operated in cities and towns, and the classification of the statute is merely a recognition of this difference. See Curdts et al. v. South Carolina Tax Commission, 131 S. C. 362, 127 S. E. 438; Id., 273 U. S. 669, 47 S. Ct. 471, 71 L. Ed. 831.

■■ We are not impressed with the argument that the statute violates the Constitution of South Carolina, nor with the contention that in computing the tax the city rather than the state is to be taken as the unit. We think that the statute clearly contemplates that the state be taken as the unit; and as we said in Doscher v. Query (D. C.) 21 F.(2d) 521, 528: "The question as to whether the statute under consideration violates the Constitution of South Carolina has not been passed upon by the Supreme Court of that state; and federal courts are reluctant to adjudge a state statute to be in conflict with the state Constitution before that question has been considered by the state tribunals, especially where the statute is one affecting the revenues of the state. Michigan Cent. R. Co. v. Powers, 201 U. S. 245, 291, 26 S. Ct. 459, 50 L. Ed. 744; Coulter v. Louisville & Nashville R. Co., 196 U. S. 599, 609, 25 S. Ct. 342, 49 L. Ed. 615. They will not do so unless the case 'imperatively demands such a deci-

sion.' Louisville & N. R. Co. v. Garrett, 231 U. S. 298, 305, 34 S. Ct. 48, 51, 58 L. Ed. 229."

The bill will be dismissed and the temporary restraining order will be dissolved. Complainant has indicated a desire to appeal from an adverse decision to the Supreme Court, and defendants have indicated that, in the event of such appeal, they have no objection to a restraining order which will prevent, pending the appeal, the collection of the tax from such interested persons as will make themselves parties to the appeal and give bond for the payment of the tax due by them under the act. The order of dismissal, therefore, will grant a temporary restraining order, pending the appeal, in favor of such persons as shall make themselves parties to the appeal, and shall give bond in an amount to be approved by the court for the payment of the tax for which they are liable, in case this decision shall be affirmed on appeal.

Bill dismissed.