**Jonathon McConaughney BURKE and Chris Alan Kinnison, Plaintiffs,**

v.

**Kenneth RASCHKE, Commissioner, et al., Defendants.**

**Civ. No. A2-75-102.**

United States District Court, D. North Dakota, Northeastern Division.

March 21, 1977.

Nancy G. Maxwell, Grand Forks, N. D., for plaintiffs.

Gerald W. Vandewalle, Chief Deputy Atty. Gen., Bismarck, N. D., for defendants.

## MEMORANDUM OF DECISION AND ORDER

BENSON, Chief Judge.

This case, which arises under 42 U.S.C. § 1983, 28 U.S.C. § 1343(3) and (4), and 28

U.S.C. §§ 2201, 2202, challenges the constitutionality of a narrow provision of NDCC § 15–10–19 (Supp.1975), the North Dakota nonresident student tuition statute, both on its face and as it applies to Plaintiff Jonathon McConaughney Burke.[1] Burke contends § 15–10–19, in violation of their equal right to equal protection of the law, discriminates between two classes of students, whose parents, custodial parent or guardian reside outside North Dakota. The two classes consist of students over 21 and those under 21 years of age. He further contends the procedure by which the State Board of Higher Education hears petitions for relief from the effect of § 15–10–19 denies him due process of law by conclusively presuming him to be a nonresident for tuition purposes and by denying him the right to show he is a resident for tuition purposes. He seeks a declaration that NDCC § 15–10–19, on its face and as applied to him, violates the Fifth and Fourteenth Amendments to the Constitution of the United States; an injunction against Defendants from enforcing § 15–10–19 against him; and an order directing Defendants to review Plaintiff's residency status to grant him the status of a resident for tuition purposes.[2]

For the purposes of this case, counsel for the parties stipulated the facts to be:

Plaintiff Jonathon McConaughney Burke is a 21 year old United States citizen, born August 16, 1955, and was a ward of the State of Wisconsin from June 8, 1964, until he was emancipated by the State of Wisconsin on August 16, 1973, his 18th birthday. He moved to the State of North Dakota and enrolled in the University of North Dakota at Grand Forks in August, 1974. He is currently living in Grand Forks, North Dakota, is a student at the University, has a North Dakota driver's license, has North Dakota license plates on his automobile, voted in an election in Grand Forks in May, 1975, and presently regards North Dakota as his residence and domicile. He resided within the State of North Dakota for a period of at least twelve months prior to his registration at the University of North Dakota in August, 1975, at which time he was 20 years of age. He has been denied resident tuition fees at that University in spite of an administrative appeal to the State Board of Higher Education.

NDCC § 15–10–19 provides:

"A nonresident student is defined as follows:

1. A student less than twenty-one years of age whose parents, custodial parent or guardian resides in another state, a territory, or a foreign country, or whose parents, custodial parent or guardian has resided within this state for a period of less than twelve months immediately prior to the date of his registration;

2. A student of the age of twenty-one years or over who resides outside of this state; or

3. A student of the age of twenty-one years or over who has been a resident of this state for a period of less than twelve months immediately prior to the date of registration; provided that a student, whose parents, custodial parent, or guardian do not reside

---

1. The case was submitted on a stipulation of facts. For the purposes of this case, the facts pertaining to Plaintiff Chris Alan Kinnison have not been stipulated. Because Kinnison is not in school, the court finds he is without standing to maintain the instant action, and the action is dismissed as to him.

2. Plaintiff asked in his original complaint that a three-judge district court be convened pursuant to 28 U.S.C. §§ 2281 and 2284. The court denied Plaintiff's request for a three-judge court because Plaintiff was not attending school, thereby rendering moot his claim for injunctive relief. Plaintiff was in agreement with this action. Thereafter, 28 U.S.C. § 2284 was amended and § 2281 repealed. P.L. 94–381. Under § 2284 as amended, Plaintiff is not entitled to a three-judge district court. After the effective date of the amendment to § 2284, Plaintiff renewed his request for a three-judge court because he had again enrolled in the University of North Dakota and asked for injunctive relief. This renewed petition was denied because the renewed request was deemed an action commenced after the date of enactment of P.L. 94–381.

in this state, shall not be deemed to have initiated residence in this state until reaching the age of twenty-one years and provided further that attendance at an institution of higher learning within the state shall not alone be sufficient to qualify for residence in this state.

Military personnel assigned to a military installation in this state and their dependents, dependents of instructors who live in this state and teach in any institution of higher learning in this state, and the spouse of a resident of this state, are excluded from the foregoing provisions, and shall be regarded as residents of this state for purposes of tuition, whether such dependents are over or under twenty-one years of age.

Any student who may otherwise be classified as a nonresident under this section, but who is a citizen of the United States may, if his parents, custodial parent, or a guardian live in this state, provide to the institution of higher learning which he plans to attend a statement signed by the county treasurer and the city auditor, if his parents, custodial parent, or guardian live in a city, or by the county auditor if they reside outside of a city, showing proof of their intent to establish residence in this state for a period of years. Such statements shall entitle the student to be regarded as a resident of this state for purposes of tuition if

there is no substantial evidence to the contrary. Any student who, because of peculiar or unusual circumstances, is aggrieved by the above definition of a nonresident student may appeal to the board of higher education and the board shall, if it determines the circumstances justify such action, admit such student to the institution of higher learning as a resident for tuition purposes."

## EQUAL PROTECTION CLAIM

Plaintiff contends § 15–10–19 creates four classes of nonresidents, but the thrust of the Complaint is against unequal treatment the statute affords a student under 21 years of age, vis-a-vis a student over 21 years of age, where in each case the parent or guardian resides outside the State of North Dakota.

■ The court concludes the statute does discriminate in an unconstitutional manner between these two classes whose parent or guardian resides outside the State. The class over 21 years of age is given an opportunity to attain residency status for tuition purposes by residing in the State for twelve months. A student in the class under 21 years of age is not given a similar opportunity. The only apparent distinction between the two classes is their ages.[3]

■ The parties agree that classification of a student as a resident for tuition purposes does not involve a fundamental

---

3. The statute does allow an "aggrieved" student the right to appeal to the Board of Higher Education for reclassification as residents for tuition purposes; however, the appeal is limited. The statute provides:

"Any student who, because of peculiar or unusual circumstances, is aggrieved by the above definition of a nonresident student may appeal to the board of higher education and the board shall, if it determines the circumstances justify such action, admit such student to the institution of higher learning as a resident for tuition purposes."

The form provided to a nonresident student who wishes to appeal to the Board of Higher Education for reclassification of residency status for tuition purposes provides:

"Additional Policy of the North Dakota State Board of Higher Education.

1. Any student otherwise classified as nonresident who meets ALL of the following criteria shall be regarded as a student aggrieved by the statutory definition of a nonresident student because of peculiar or unusual circumstances, and shall therefore be regarded as a resident for tuition purposes:

a. The student has received a high school degree from a North Dakota high school or a bachelor's degree from a North Dakota institution of higher education; and

b. The student has not subsequently established a legal residence in a state other than North Dakota; and

c. The student is currently residing within the state of North Dakota."

The right of an aggrieved student to appeal to the Board of Higher Education does not cure the unequal treatment about which the Plaintiff in this case complains.

right. *See, Starns v. Malkerson,* 326 F.Supp. 234 (D.Minn.1970), *aff'd without op.,* 401 U.S. 985, 91 S.Ct. 1231, 28 L.Ed.2d 527 (1971). Therefore, in determining the validity, under the equal protection clause of the Fourteenth Amendment, of the State's statutory classification scheme for determining residency status, the standard for scrutiny is that the system be shown to bear some rational relationship to a legitimate state purpose, rather than the strict judicial scrutiny standard requiring the showing of a compelling state interest. *San Antonio School District v. Rodriguez,* 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973).

> "Any classification by a state which is not palpably arbitrary and is reasonably based on a substantial difference or distinction is not a violation of the equal protection clause so long as the classification is rationally related to a legitimate state object or purpose." *Clarke v. Redeker,* 259 F.Supp. 117, 122 (S.D.Iowa 1966).

For the court to reach its conclusion in this case, it had to find the difference in treatment between the two classes of students to be without rational relationship to a legitimate purpose of the State of North Dakota.

■■■ Plaintiff acknowledges that a state has valid fiscal policy reasons for discriminating between resident and nonresident students. *Clarke v. Redeker, supra.* The rationale for such a classification is that in-state students or their parents pay taxes supporting the school system while nonresident students or their parents do not.

> "[A] State has a legitimate interest in protecting and preserving the quality of its colleges and universities and the right of its own bona fide residents to attend such institution on a preferential tuition basis." *Vlandis v. Kline,* 412 U.S. 441, 452–453, 93 S.Ct. 2230, 2236, 37 L.Ed.2d 63 (1973).

■■■ The legislation is presumed to be valid and constitutional. *Davies Warehouse*

Co. v. Bowles, 321 U.S. 144, 64 S.Ct. 474, 88 L.Ed. 635 (1944); *Wampler v. Lecompte,* 282 U.S. 172, 51 S.Ct. 92, 75 L.Ed. 276 (1930). Where the classification embodied in legislation is called in question, if any state of facts reasonably can be conceived that would sustain it, the existence of the state of facts at the time the law was enacted must be assumed. *New York Rapid Transit Corp. v. New York,* 303 U.S. 573, 58 S.Ct. 721, 82 L.Ed. 1024 (1938). The presumption of constitutionality of a statute will prevail unless its repugnancy to the constitution clearly appears. *National Mutual Insurance Co. v. Tidewater Transfer Co.,* 337 U.S. 582, 69 S.Ct. 1173, 93 L.Ed. 1556 (1949); *Buttfield v. Stranahan,* 192 U.S. 470, 24 S.Ct. 349, 48 L.Ed. 525 (1904); *Kessler v. Thompson,* 75 N.W.2d 172 (N.D. 1956). It must be clear there is no fair reason or basis for the classification. *Metropolitan Casualty Insurance Co. v. Brownell,* 294 U.S. 580, 55 S.Ct. 538, 79 L.Ed. 1070 (1935). And the burden is on the one attacking the legislative arrangement to negative every conceivable basis that might support it. *Madden v. Kentucky,* 309 U.S. 83, 60 S.Ct. 406, 84 L.Ed. 590 (1940). It is not enough to show that the question is fairly debatable. *Bayside Fish Flour Co. v. Gentry,* 297 U.S. 422, 56 S.Ct. 513, 80 L.Ed. 772 (1936). The burden on the Plaintiff in this case is to establish the invalidity of the statute to such a degree as to leave no reasonable doubt. *El Paso & Northeastern Railway Co. v. Gutierrez,* 215 U.S. 87, 30 S.Ct. 21, 54 L.Ed. 106 (1909); *State ex rel. Sathre v. Board of University and School Lands,* 65 N.D. 687, 262 N.W. 60 (1935); *State v. First State Bank,* 52 N.D. 231, 202 N.W. 391 (1925).

Defendants contend the statute is based on proper and justifiable distinctions in that it distinguishes between the two groups of students on the basis of age and ability to contribute to the economy of the State. The one year durational residency requirement now imposed on nonresidents over 21 years of age is not challenged by Plaintiff.[4] Plaintiff asserts, however, that there is no

---

4. A one year residency requirement was upheld in *Starns v. Malkerson, supra.*

rational basis for denying students under the age of 21 the opportunity to establish that they are residents after having satisfied the one year residency requirement.[5] The practical effect of the challenged portion of the statute is to grant residency status to students just at the time the majority of them have completed or are completing their university education, thereby, in effect, denying them the lower tuition privilege. Defendants have not shown that students over 21 are able to contribute more to the economy of the State than students under 21. There is no rational basis for denying to students under 21, whose parent, custodial parent or guardian lives outside North Dakota, the opportunity to establish residency under the one year requirement imposed on the older group.

NDCC § 15–10–19 allows students over 21, who have met the one year residency requirement an opportunity to attain residency status. It is not automatic. The State can set reasonable standards, one of which might require that the students have been emancipated, which an applicant for residency status for tuition purposes must meet to show that the applicant is in fact a bona fide resident. However, denying similarly situated students over 18 and under 21 the same opportunity, in the absence of a rational basis for doing so, denies those students their right to equal protection of the law. There is no apparent rational basis directed to a reasonable, legitimate state objective to justify the disparate treatment of the two classes, and the classification appears to be arbitrary. The younger group of students must be permitted to petition for residency status on the same basis and under the same standards as students over 21 years of age.

Since the court concludes that NDCC § 15–10–19 is unconstitutional on its face as to students under 21 years of age whose parents, custodial parent or guardian reside outside the State of North Dakota by denying them the opportunity to show they are entitled to residency status upon completion of the one year durational residency requirement, it is unnecessary to reach Plaintiff's other claims.

## ORDER FOR JUDGMENT

IT IS ORDERED that judgment be entered declaring that as to the Plaintiff in this action, NDCC § 15–10–19, to the extent that it denied him the right, equal to the right accorded a student 21 years and older whose parents, custodial parent or guardian reside outside the State, to establish residency in the State for tuition purposes, violated Plaintiff's Fourteenth Amendment right to equal protection of the law. Plaintiff is entitled to a review of his residency status for tuition purposes and appropriate relief if it is determined from such review that he was entitled to attend the University of North Dakota on the payment of resident rather than nonresident tuition.

---

**5.** This is based in part on the enactment of NDCC § 14–10–01 (Supp.1975) which lowered the age of majority for males from 21 to 18 years of age.