# OPINIONS

RENDERED TO HIS EXCELLENCY THE GOVERNOR,

IN THE YEARS A. D. 1868-'9.

## IN THE MATTER OF THE EXECUTIVE COMMUNICATION OF THE 14TH OCTOBER, 1868.

1. Members of what is known as the "Secession Convention" were neither executive nor judicial officers of this State, within the meaning of these terms as used in Section 1, Article XVI., of the Constitution of this State. A person who was a member of such Convention, and signed the ordinance of secession, and who afterwards gave aid and comfort to the enemies of the United States, is not prohibited from holding any office, executive, legislative, or judicial, in this State.

The justices of this court are in receipt of an executive communication of the 14th instant, wherein is solicited an opinion as to whether, under Section 1 of Article XVI. of the Constitution, "a person who was a member of the Secession Convention, and signed the ordinance of secession, can hold any official position, legislative, executive, or judicial, in this State, or act as deputy for any officer, or act in a *clerical* capacity in any department of the government."

The provision referred to is, that "no person shall * * hold any office, civil or military, * * under any State, who, having previously taken an oath as a member of Congress, or as an officer of the United States, or as a member of any State Legislature, or as an executive or judicial officer of any State, to support the Constitution of the United States, shall have engaged in insurrection or rebellion against the same, or given aid and comfort to the enemies thereof." And all such persons are

"debarred from holding office in the State of Florida" until the disability shall be removed by Congress.

I. An "office" is a public charge or employment.

An "officer" is a person commissioned or authorized to perform any public duty.

An "official act" is an act done under some authority derived from the law, or in pursuance of prescribed duties, and has the force of law.

"Each officer in the State, *including* members of the Legislature," is required to take an oath or obligation, binding him to "faithfully perform the duties of the office." Sec. 10.

An officer of the State, then, is a person in a public charge or employment, commissioned or authorized to perform any public duty, under an oath to support the Constitution and Government, and to perform the duty faithfully.

A mere copying clerk or laborer in a public office is not an officer, (unless he is authorized or required *by law* to perform certain duties,) but is a servant or employee, whose "*order*" or "*certificate*" has no legal force.

A *deputy* or *assistant* must be one whose acts are of equal force with that of the officer himself, must act in pursuance of law, perform official functions, and is required to take the oath before acting.

II. The "Secession Convention," so-called, was not a "State Legislature." Its members were not "executive" officers, nor "judicial" officers of the State, but merely and strictly delegates; were not required by any law to take an oath of office, and its record does not show that they were sworn in any form whatever.

By the passage of the Ordinance of Secession, "insurrection or. rebellion" was probably inaugurated, and perhaps "aid and comfort" were given to the "enemies of the United States;" and if so, those who had "previously taken an oath" as certain officers, and subsequently voted for or signed the "Ordinance of Secession" which passed, are included in the disability men-

tioned, and until relieved are incapable of holding offices ; but " persons who had previously " been " members of the Secession Convention " and afterwards " engaged in insurrection or rebellion " are not necessarily included in such disability.

The provision referred to is obviously penal in its character, and judicial tribunals have ever been strict constructionists in dealing with enactments of that class, whether in the fundamental law or in ordinary statutes.

As to the eligibility of persons to be members of the Legislature, the Legislature itself is the sole judge.

For the court,

E. M. RANDALL, Chief-Justice.

SUPREME COURT, Tallahassee, Fla., Oct. 19, 1868.