STATE *ex rel.* SOUTHERN ROLLER DERBIES, INC., Plaintiff in Error, v. HAYES WOOD, as Tax Collector, W. F. BLANTON, as County Judge, and D. C. COLEMAN, Sheriff, all of Dade County, Defendants in Error.

199 So. 262

En Banc

Opinion Filed December 13, 1940

Rehearing Denied January 6, 1941

*Robert C. Lane* and *Rudolph S. McDavid,* for Plaintiff in Error;

*Melbourne L. Martin,* for Defendants in Error.

CHAPMAN, J.—The record in this case disclosed that the plaintiff in error, relator below, during the 1938-1939 season conducted or operated "Roller Derby Meetings" in a tent or temporary structure at the corner of Douglas Road and Tamiami Trail in the City of Miami. The charge for each admission, including the charge for reserved seats, was fifty cents or more. The Roller Derby Meetings is a sport or game in the form of an exhibitions in which competing professional teams participate. The relator, during the 1936-1937 and 1937-1938 seasons, conducted its business in a permanent structure known as the Coral Gables Coliseum Building in Miami and for this privilege paid to the Tax Collector of Dade County, annually, a license tax in the sum of $100.00 to the State of Florida and the sum of $50.00 to Dade County, under the provisions of Section 1080 C. G. L. Relator was unable to obtain a lease on the Coral Gables Coliseum buildings for the 1938-1939 season and was forced to conduct its business in a tent or temporary structure, and tendered to the Tax Collector of Dade County as the lawful license tax the sum of $100.00 for the State and the sum of $50.00 for the County of Dade under the provisions of Section 24 of Chapter 18011, Acts of 1937, Laws of Florida. The tender was refused by the tax collector, as he contended that the amount of the license tax due by the relator for the operation of the class of business in which it was engaged should not be computed under the provisions of Section 1080 C. G. L., or Section 24 of Chapter 18011, Acts of 1937, Laws of Florida, but under the provisions of Section 1244 C. G. L.

The amount of the license tax, if computed under the provisions of Sections 20 and 24 of Chapter 18011, Acts

of 1937, Laws of Florida, would be the total sum of $150.50, inclusive of fees, while if the amount of license tax was computed under the provisions of Section 1244 C. G. L., as contended by the respondent tax collector, the total sum would be $900.00, inclusive of costs of issuing.

On February 27, 1939, relator filed in the Circuit Court of Dade County, Florida, a petition for an alternative writ of mandamus, which issued and was directed to the Tax Collector of Dade County, Florida, commanding that he forthwith issue a license and accept therefor the sum of $150.00, plus fee, previously tendered. The respondent filed a motion to quash the alternative writ of mandamus on grounds: (a) the amount tendered was legally insufficient; (b) there was no legal duty to issue the license, (c) the facts do not authorize the issuance thereof; (d) the amount of a license for the business of conducting a show, exhibition or amusement enterprise under a tent or temporary structure should, as a matter of law, be computed under the provisions of Section 1244 C. G. I.; (e) the provisions of Sections 20 and 24 of Chapter 18011, *supra*, are inapplicable and do not govern the amount of the license tax of the business operated by the relator.

The motion to quash the alternative writ was by the lower court sustained and judgment final entered for the respondent below. A writ of error was taken thereto and the case is here for review on some two or three reasons advanced for a reversal of the final judgment.

The first question posed for a decision by this Court is viz.:

"Should the business of conducting a roller derby meeting in a temporary structure or tent be licensed by the State of Florida, and the County of Dade, under the provisions of Section 1244, Compiled General Laws of Florida, 1927, or should such business be licensed under the provisions of

Section 1279 (25), Compiled General Laws of Florida, 1927, 1940 parts, being Section 24, Chapter 18011 (305), Acts of 1937?"

The business of the relator was conducted for the 1938-1939 season in the City of Miami under a tent or temporary structure at a designated place in the city. The pertinent provisions of Section 1244, C. G. L., are viz.:

"1244. (972) Shows; Tax Based on Admission Charge; Tax on Each Tent; Proviso; No Fractional License.— Shows of all kinds, including circuses, vaudeville, minstrels, theatrical, or any exhibition giving performances under tents or temporary structures of any kind, whether such tents or temporary structures are covered or uncovered, shall pay a State license tax for each day as follows:

"When the charge for admission, including the charge for reserved seats, shall be fifty cents or more, the State license tax for each day shall be paid according to the population of the city or town in or adjacent to which the tent or structure is placed or erected as follows:

"Cities and towns of ten thousand inhabitants or more, one hundred dollars for each day. . . .

"The license taxes provided for by this section shall be collected for each and every tent and for each and every day to which admission is charged; Provided, that annual licenses may be issued to any of the shows or exhibitions mentioned in this section when such show or exhibition is permanently located in one place, upon the payment of six times the full amount of the daily license tax, according to the charge for admission and population as defined and prescribed by this section, but a license so issued shall be good only for the place for which it was originally taken out, and the tax collector shall so state in writing on the face of each such license.

"No fractional license shall be issued under this provision."

The statute *supra* is broad in that it includes *shows* of *all* kinds, including circuses, vaudeville, minstrels, theatrical, or any exhibition giving performances under tents or temporary structures of any kind, whether such tents or temporary structures are covered or uncovered.

We are unable to follow the reasoning advanced by counsel for the plaintiff in error to the effect that the license tax here involved should be computed and collected under the provisions of Sections 1080 and 1245 C. G. L., or Sections 20 and 24 of Chapter 18011, Acts of 1937, Laws of Florida, as the same falls squarely within the provisions of Section 1244 C. G. L., *supra*. It was clearly the intention of the Legislature in the enactment of Section 1244 C. G. L. to tax shows of all kinds as enumerated, or any exhibition giving performances under tents or temporary structures, and the relator's business is covered by this provision. Whenever the legislative intent can be ascertained or determined by the language used, considered in its ordinary and grammatical sense, rules of statutory construction become unnecessary. See State v. Beardsley, 84 Fla. 109, 94 So. 660; State v. Burr, 79 Fla. 290, 84 So. 61; Doggett v. Railroad Company, 99 U. S. 72, 78, 25 L. Ed. 301; Douglass v. McRainey, 102 Fla. 1141, 137 So. 157; State v. Amos, 76 Fla. 26, 79 So. 433.

Counsel for plaintiff in error further contends that if Section 1244 *supra* is controlling and the relator below is required to pay the sum of $600.00 to the State of Florida and the sum of $300.00 to the County of Dade, thereby making an annual license tax in the sum of $900.00 to conduct and operate the Roller Derby Meetings, then said amount is exorbitant, unreasonable, confiscatory and invalid. Numerous authorities are cited to sustain this contention.

These cases have been examined in light of counsel's contention.

The answer to this contention is Section 5 of Article IX of the Constitution of Florida. This provision grants to the Legislature the power to enact legislation leving tax on licenses. See Amos v. Gunn, 84 Fla. 285, 94 So. 615; State ex rel. Bonsteel v. Allen, 83 Fla. 214, 91 So. 104; Dusenbury v. Chesney, 97 Fla. 468, 121 So. 567; Bentley-Gray Dry Goods Co. v. City of Tampa, 137 Fla. 641, 188 So. 758; Ex Parte Smith, 100 Fla. 1, 128 So. 864; James v. Gerrell, 137 Fla. 324, 188 So. 812; Park v. Morgan, 64 Fla. 414, 60 So. 347; Pellicer v. Sweat, Sheriff, 131 Fla. 60, 179 So. 423; Greenleaf & Crosby Co., Inc., v. Coleman, Sheriff, 117 Fla. 723, 158 So. 421; Toyota v. Territory of Hawaii, 226 U. S. 184, 57 L. Ed. 180.

We fail to find error in the record and accordingly the judgment appealed from is hereby affirmed.

TERRELL, C. J., WHITFIELD, BROWN, BUFORD, and THOMAS, J. J., concur.