PER CURIAM.
Appellant-plaintiff, Norman Robbin, appeals a final judgment entered by the court in favor of the appellee-defendant, Gray Brewer, in a cause of action seeking declaratory relief to determine plaintiff’s rights in and to the position of official court reporter of the Eighteenth Judicial Circuit. We affirm.
The Florida Legislature during its regular session of 1967 created the Eighteenth Judicial Circuit of Florida. This circuit is composed of Brevard and Seminole Counties, and the circuit judges then serving in those counties automatically became judges of the new circuit. The appointment of an official court reporter for the new circuit, pursuant to the provisions of Section 29.01, Florida Statutes, F.S.A., was deemed to be a necessity by the judges.
The judges recommended to the Governor the appointment of the defendant, Gray Brewer. They insisted that the only person to be considered for the appointment was Mr. Brewer. The Governor declined to appoint Mr. Brewer, and appointed on October 3, 1967, the plaintiff, Norman Robbin, to be the official court reporter for the Eighteenth Judicial Circuit.
However, a day prior to this appointment on October 2, 1967, the judges of the Eighteenth Judicial Circuit made an interim appointment of Mr. Brewer as the official court reporter. On October 4, 1967, the judges prepared, signed and filed an ex parte order. The result of this order, in *450 essence, was to accept the services of Mr. Brewer as the official court reporter of the circuit, declining to accept Norman Robbin’s services in that regard. The Judicial Administrative Commission, acting under the direction of the Attorney General of the State of Florida, thereafter advised Mr. Robbin that no person would be recognized as the official court reporter for the purpose of receiving travel or salary expenses from state funds.
The plaintiff, Norman Robbin, then filed a petition for writ of certiorari, or alternatively, suggestion for a writ of prohibition in the Supreme Court of the State of Florida for the purpose of reviewing the order of October 4, 1967. The Supreme Court by sua sponte order dated June 5, 1968, dismissed the petition. Robbin v. Carlton, Fla.1968, 211 So.2d 562.
Thereafter the plaintiff filed complaint in the lower court seeking declaratory relief. The defendant filed motion to dismiss. The lower court after hearing argument and requiring memorandums of law entered its final judgment for the defendant, in essence taking the position that the complaint was fatally defective for failure to have the indispensable prerequisite recommendation of the judges of the Eighteenth Judicial Circuit pursuant to the provisions of Section 29.01, Florida Statutes, F.S.A. This appeal followed.
The basic determination confronting this court is whether a court reporter is a public officer or a public employee. The reason for this distinction will become obvious. The distinctive characteristics of an office and an employment may appear at first glance to be minutely technical and of little consequence except to legal scholars. However, a close study of the relevant cases and statutes reveals that the distinction has had a pronounced effect upon trends in the government of Florida.
The Florida Constitution does not define the terms “officer” and “employee,” but provides rules applicable to offices and officers that are not applicable to employments and employees. The constitution provides that the unexpired terms of a vacated office may be filled by the governor unless a specific statute or constitutional provision provides another method. Florida Constitution, article IV, section 7, F.S. A. Appointed and elected officers who are not liable to impeachment may be suspended for cause by the governor, who may fill the vacancy by appointment. Florida Constitution, art. IV, sec. 15. State officers must take an appropriate oath upon assuming their positions, Fla.Const, art. XVI, § 2, and they may not hold more than one office at a time, art. XVI, § 15.
The Supreme Court of the State of Florida has interpreted constitutional delegation of appointive power to the Governor in In re Advisory Opinion to Governor, Fla.1953, 63 So.2d 321. The court stated:
“Not even the Legislature can curtail the appointive power of the Governor by requiring him to accept, or be bound by, the advice of anyone. It was the purpose and intent to place exclusive power and responsibility for appointment of such officers in the Governor, and no one else.” (Emphasis added.)
The Supreme Court of Florida in In re Executive Communication, 1868, 12 Fla. 651, defined an officer as a “person commissioned or authorized to perform any public duty.” Since that time the question of who is an officer has been considered numerous times.[1]
*451 In State ex rel. Clyatt v. Hocker, 1897, 39 Fla. 477, 22 So. 721, in a landmark decision, the Supreme Court determined the meaning of “officer” as used in the constitution. The court stated in words which have been widely quoted:
“The term ‘office’ implies a delegation of a portion of the sovereign power to, and possession of it by, the person filling the office; a public office being an agency for the state, and the person whose duty it is to perform the agency being a public officer. The term embraces the idea of tenure, duration, and duties, and has respect to a public trust to be exercised in behalf of government, and not to a merely transient, occasional, or incidental employment. A person in the service of the government, who derives his position from a duly and legally authorized election or appointment, whose duties are continuous in their nature, and defined by rules prescribed by government, and not by contract, consisting of the exercise of important public powers, trusts, or duties, as a part of the regular administration of the government, the place and the duties remaining though the incumbent dies or is changed, is a public officer; every ‘office,’ in the constitutional meaning of the term, implying an authority to exercise some portion of the sovereign power, either in making, executing, or administering the laws. * * *”
Thus, although there have been other tests to distinguish as to whether a position is an office or employment, the most frequently used is the one alluded to in the State ex rel. Clyatt v. Hocker case, supra, and this test has through the years been known as “the sovereign power principle.” There are few court cases that concern themselves as to what the status of an official court reporter might be. In In re Advisory Opinion to The Governor, 1934, 114 Fla. 520, 154 So. 154, the Supreme Court apparently determined that a court reporter was “an officer.” However, in a later case, in In re Opinion of the Justices, 1935, 120 Fla. 729, 163 So. 76, the Supreme Court did an about face and spoke about official court reporters as not being state officers, but as being officially employed court functionaries. The inconsistency of the status of an official court reporter is most evident by a comparison of these two decisions.
The First District Court of Appeal in International Shoe Company v. Carmichael, Fla.App.1958, 105 So.2d 389, speaks of an official court reporter as an arm of the court charged with the duty of preserving the record of evidence and transcribing and certifying the record for use on appeal, and that the court reporter as an official is accountable for proper performance of his duty.
 Be that as it may, we are disposed to adhere strictly to the sovereign power principle to distinguish the officer-employee status; that is, that an officer must exercise sovereign powers. In reviewing the duties of an official court reporter, it becomes obvious that he has not been delegated sovereign power of the state, nor does he exercise distinctively a government function. The logic of a court reporter being an employee rather than an officer is more impressive.
 Carrying the proposition that an official court reporter is an employee and not an officer to its final conclusion, it becomes further obvious that it is not an exclusive power of the executive branch to appoint court reporters. This determination leads inevitably to the conclusion that the intent of the legislature in promulgating Section 29.01, Florida Statutes, F.S.A., was not to create an “office” but merely to create an employment, and that such employment be made by the governor upon the recommendation of the circuit judge or judges of the circuit. We determine that since the court reporter is an employee of the circuit the recommendation of the circuit judges is mandatory in triggering the appointive power of the governor in this regard.
*452 In the instant case the governor did not see fit to take advantage of the recommendation, hut instead appointed the plaintiff, Norman Robbin, The judges of the circuit then found themselves to be in the position of having no court reporter at a time when they deemed it necessary to have one in order that the court function properly, and pursuant to Section 29.07, Florida Statutes, F.S.A., appointed the defendant, Gray Brewer, as a special court reporter. We determine that such act was proper.
Affirmed.
CROSS, C. J., McCAIN, J., and LEAV-ENGOOD, C. RICHARD, Associate Judge, concur.

. E. g., the court lias held these positions to be offices: deputy sheriff, Blackburn v. Brorein, Fla.1954, 70 So.2d 293; hotel and restaurant commissioner, In re Advisory Opinion to Governor, FIa.1953, 63 So.2d 321; county detective, State ex rel. Watson v. Hurlbert, 1945, 155 Fla. 531, 20 So.2d 693; city patrolman, Curry v. Hammond, 1944, 154 Fla. 63, 16 So.2d 523; city clerk, State ex rel. Gibbs v. Bloodworth, 1938, 134 Fla. 369, 184 So. 1; assistant county solicitors, State ex rel. Davis v. Botts, 1931, 101 Fla. 361, 134 So. 219.