QUESTION: May the Department of Health and Rehabilitative Services — pursuant to agreement between it and the Department of Education — transfer the blind services function to the Department of Education prior to the date (April 1, 1976) provided by the Legislature for such transfer in s. 33, Ch. 75-48, Laws of Florida?
SUMMARY: The date specified by the Legislature as the effective date for the transfer of the blind services function from the Department of Health and Rehabilitative Services is April 1, 1976. The two departments may not, pursuant to mutual agreement, effectuate the transfer prior to April 1, 1976. The general blind services function or program is provided for in Part I of Ch. 413, F.S., and under s. 20.19(2)(f)1., F.S. (1974 Supp.), was placed within the Department of Health and Rehabilitative Services, as the Bureau of Blind Services of the Division of Vocational Rehabilitation. Section 3 of Ch. 75-48, Laws of Florida, which abolishes the Division of Vocational Rehabilitation and reassigns the Bureau of Blind Services, provides: Effective October 1, 1975, the functions of the Divisions of Family Services, Aging, Health, Children's Medical Services, Mental Health, Retardation, Vocational Rehabilitation, and Youth Services of the Department of Health and Rehabilitative Services, which functions relate to the daily operation of the department's service programs, are assigned to the Office of the Assistant Secretary for Operations and the functions of those divisions which relate to planning statewide program policies for providing services are assigned to the Office of Development, and the Divisions of Family Services, Aging, Health, Children's Medical Services, Mental Health, Retardation, Vocational Rehabilitation, and Youth Services are abolished. (Emphasis supplied.) And s. 33 of Ch. 75-48 [s. 20.15(26), F.S.], which is effective 6 months after s. 3, supra, provides for the transfer of the blind services function: Effective April 1, 1976, the blind services program functions of the Department of Health and Rehabilitative Services under part I of chapter 413, Florida Statutes, are transferred by a type four transfer, as defined in s. 20.06(4), Florida Statutes, to the Department of Education. (Emphasis supplied.) It seems obvious that the above provisions provide a rather cumbersome, two-stage method of transferring the blind services function from the Department of Health and Rehabilitative Services to the Department of Education. However, it seems equally obvious that these provisions, cumbersome though they may be, are not ambiguous and thus do not call for the application of rules of statutory construction, other than that underlying rule expressed in Tropical Coach Line, Inc. v. Carter,121 So.2d 779, 782 (Fla. 1960): If the language of the statute is clear and unequivocal, then the legislative intent must be derived from the words used without involving incidental rules of construction or engaging in speculation as to what the judges might think that the legislators intended or should have intended. Accord: State v. Egan, 287 So.2d 1 (Fla. 1973); Foley v. State,50 So.2d 179 (Fla. 1951); State ex rel. Southern Roller Derbies, Inc. v. Wood, 199 So. 262 (Fla. 1941); Fine v. Moran, 77 So. 533 (Fla. 1917). Aside from the fact that the language of the statute is unambiguous, there would likely be other impediments to an early transfer of the blind services function to the Department of Education. Section 216.292(1), F.S., provides that ". . . appropriations shall not be transferred between state agencies unless specifically authorized by law." (Emphasis supplied.) Since a type four transfer specifically includes the transfer of appropriations to the department (education) into which the function (blind services) is merged, s. 20.06(4), F.S., it would appear that only the Legislature could authorize by law the effectuation of the transfer prior to April 1, 1976. I know of no provision which would grant an exception to the prohibition of s.216.292(1) simply upon the mutual agreement of the departments involved in the transfer. Finally, I would point out that the date of April 1, 1976, is, as you pointed out in your letter, an arbitrary date. However, it is the Legislature's arbitrary date, and it is necessary in order for officials and agencies such as the Comptroller, Auditor General, and Department of Administration to properly carry out their statutory duties in regard to the release of appropriations, classifications of personnel, etc. Also, since the waiver of sovereign immunity, it is imperative that an injured party be able to determine, as of any given date, the agency by which an individual is employed. All of this necessitates the selection of an arbitrary date, and the body authorized to make this selection is the Legislature. Thus, although the actual, physical transfer of the blind services function might well have to be begun prior to April 1, 1976, and might have to continue after that date (subject to the overall deadline of July 1, 1976, provided by s. 11 of Ch. 75-48), the Legislature has provided that the date on which blind services personnel, property, and appropriations become personnel, property, and appropriations of the Department of Education is April 1, 1976. And, as the Florida Supreme Court stated in Alsop v. Pierce, 19 So.2d 805, 806 (Fla. 1944): "When the controlling law directs how a thing shall be done that is, in effect, a prohibition against its being done in any other way." Your question is answered in the negative.