QUESTION:
Is a deputy official court reporter authorized by statute to be reimbursed by the state for authorized travel expenses and per diem necessarily incurred in performing official duties for the state (in criminal proceedings)?
SUMMARY:
Deputy official court reporters are authorized, under s. 112.061, F. S. (1976 Supp.), as either employees or authorized persons to be reimbursed by the state for properly approved (by the chief judge of the judicial circuit) travel expenses and per diem and subsistence necessarily incurred in performing official duties for the state in criminal proceedings. Such authorization was not affected by the repeal of s. 29.08, F. S. 1971, when the statutes relating to the number and method of appointing or selecting official and deputy official court reporters were revised by Ch.72-404, Laws of Florida.
You have raised this question because of the amendment — 5 years ago by Ch. 72-404, Laws of Florida — of the statutory provisions in Ch. 29, F. S., relating to official court reporters. In the process of amending those provisions, s. 29.08, F. S. 1971, was repealed. That section had provided for the appointment of deputies by the official court reporter, made such reporter responsible for the actions of such deputies, and expressly provided for the reimbursement of deputies' travel expenses pursuant to s. 112.061, F. S. At present, the reimbursement of official circuit court reporters' traveling expenses pursuant to s. 112.061 is expressly provided for by s. 29.04(1), which subsection was not amended by Ch. 72-404, supra. Section 29.01, which was substantially amended and reworded by s. 6 of Ch.72-404, now provides for the appointment of deputy court reporters for the circuit courts by the chief judge with the approval of a majority of the circuit judges in each circuit. Section 29.01(2). However, that section nowhere provides for the traveling expenses of deputy court reporters. Thus, the question at issue is whether, notwithstanding the repeal of s. 29.08, F. S. 1971, and amendment of s. 29.01 omitting express reference to s. 112.061 with respect to deputy circuit court reporters, there exists authorization by statute for the reimbursement of official deputy court reporters for their authorized travel expenses and per diem and subsistence necessarily incurred in performing official duties for the state in criminal proceedings. There is no indication that, in enacting Ch. 72-404, supra, the Legislature was concerned with the subject of travel expenses of official or deputy official court reporters. Rather, the primary purpose of the relevant portion of Ch. 72-404
was to provide for the number and method of selecting official court reporters and deputy court reporters, changing from the executive (the Governor) and the official circuit court reporter, respectively, to the judiciary (the chief judges of the several judicial circuits, with the approval of a majority of the circuit judges), the authority to appoint official court reporters and deputy court reporters. As noted above, s. 29.04(1), F. S., providing for the travel expenses of official court reporters, was not affected or amended by Ch. 72-404. Nevertheless, the fact remains that, in the process of carrying out the substantial revision necessary to accomplish that purpose, the Legislature failed to carry over the express language to the effect that deputy circuit court reporters shall be reimbursed for travel expenses as provided in s. 112.061, F. S. As to such omissions, it was stated in Davis v. Florida Power Co., 60 So. 759, 765 (Fla. 1913):
 Where it is apparent that substantive portions of a statute have been omitted and repealed by the process of revision and reenactment, courts have no express or implied authority to supply the omissions that are material and substantive and not merely clerical and inconsequential; for that would in effect be the enactment of substantive law.
Thus, it is necessary to determine whether sufficient statutory authority exists independent of former s. 29.08, F. S., so as to authorize deputy court reporters' travel expenses and per diem reimbursement notwithstanding the omission by revision described above. It is provided in s. 112.061(1)(b)1., F. S. (1976 Supp.), and was so provided at the time of passage of Ch. 72-404, Laws of Florida:
 The provisions of this section shall prevail over any conflicting provisions in a general law, present or future, to the extent of the conflict; but if any such general law contains a specific exemption from this section, including a specific reference to this section, such general law shall prevail, but only to the extent of the exemption. (Emphasis supplied.)
Nowhere in Ch. 72-404 is there to be found any such `specific exemption' or exclusion from the operation of s. 112.061, F. S., with respect to deputy official court reporters' travel expenses and per diem and subsistence. The court have often stated that `[i]t is a rule of statutory construction that the Legislature is presumed to know the existing law when a statute is enacted.' Collins Investment Co. v. Metropolitan Dade County, 164 So.2d 806,809 (Fla. 1964). Accord: Dickinson v. Davis, 224 So.2d 262, 264
(Fla. 1969). I must therefore assume that, had the Legislature intended to prevent deputy official court reporters from being reimbursed by the state for official travel expenses and per diem and subsistence (in criminal proceedings) pursuant to s. 112.061, there would have been included in Ch. 72-404 some language expressly and specifically exempting or excluding deputy official court reporters from those provisions of s. 112.061 which would otherwise authorize reimbursement of their travel expenses and per diem and subsistence. Thus, if deputy official court reporters fall within one of the classes of persons authorized under s.112.061 to be reimbursed for travel expenses and per diem and subsistence (i.e., officers, employees, and authorized persons), then the omission of the express reference to travel expenses for deputy official circuit court reporters contained in former s. 29.08 (repealed by Ch. 72-404) should be of no effect. It is my opinion that deputy official court reporters are entitled, as either employees or authorized persons, to be reimbursed for properly authorized (by the chief judge of the circuit) travel expenses and per diem and subsistence incurred in carrying out their official duties in criminal proceedings. It is not necessary for the purposes of this opinion to determine whether they should come under s. 112.061, F. S., as employees or as authorized persons, although it might be noted that in Robbin v. Brewer,236 So.2d 448 (4 D.C.A. Fla., 1970), the court held that official court reporters are employees, rather than officers, in light of the nature of their official duties.
Your question is answered in the affirmative.
Prepared by: Jerald S. Price Assistant Attorney General