PER CURIAM.
We affirm the judgment of the trial court which declared that the plaintiffs, appellants herein, during the period of time (1970-1976) pertinent to this litigation, were neither Official Court Reporters nor Special Court Reporters as defined in Chapter 29, Florida Statutes, and were, accordingly, not entitled to the pay or the Court’s annual supplement[1] from Dade County to which Official and Special Court Reporters were entitled.
We adopt the findings and conclusions of the trial court, which, in pertinent part, state:
“Prior to 1978 none of the Plaintiffs were ‘appointed by the governor upon the recommendation of the circuit judge or judges of the circuit’ as Official Court *1210 Reporters pursuant to the then existing Section 29.01, Florida Statutes. They, therefore, cannot claim status as Official Court Reporters for any time prior to 1973. Nor can the Plaintiffs be considered Official Court Reporters in 1973 or subsequent years since none of the Plaintiffs were so appointed by ‘the chief judge with the approval of a majority of the circuit judges’ in the circuit. Section 29.01(2), Florida Statutes.
“Alternatively, the Plaintiffs claim they qualify as ‘Special Court Reporters’ pursuant to Section 29.07, Florida Statutes, which provides:
“ ‘In case any official reporter shall not have been appointed in any circuit, or where the official reporter is disqualified or unable to perform his duties, it shall be within the discretion of the judge to appoint a special reporter in any case, civil or criminal, hpon demand of any of the parties therefor; said special reporter shall perform the same services and receive the same pay in the same manner as the official reporter.’
“Prior to Section 29.07 becoming operative, one of two conditions precedent must occur. Either (1) an Official Court Reporter shall not have been appointed, or (2) the official reporter shall have been disqualified or unable to perform his duties. If neither of these contingencies occurs, Section 29.07 does not become operative. ...
“Since at all times in question, both prior to and subsequent to January, 1973, an official reporter had been appointed in the 11th Judicial Circuit pursuant to the provisions of Chapter 29, the appointment of a special court reporter could only have been made in the event the Official Court Reporter was disqualified or unable to perform his duties and a demand was made for a special court reporter by a party. The evidence presented does not establish that these conditions existed. In fact, the record reflects no evidence that any Official Court Reporter was ever disqualified or unable to perform his duties. Accordingly, Section 29.07 relating to Special Court Reporters does not become operative in this cause.”
Robbin v. Brewer, 236 So.2d 448 (Fla. 4th DCA 1970), does not, as appellants suggest, compel a different result. Instead, Robbin supports the result reached by the trial court in the present case. In Robbin, the Governor purported to appoint Robbin as the Official Court Reporter for the Eighteenth Judicial Circuit. This appointment, however, was not, as Section 29.01 required, made upon the recommendation of the circuit judges. The Governor’s appointment was therefore a nullity. There being no Official Court Reporter, Section 29.07 became operative. The circuit judges’ appointment of Brewer as a Special Court Reporter under Section 29.07 was thus sustained. In the present case, Official Court Reporters having been duly appointed, initially by the Governor pursuant to the recommendation of the circuit judges, and later by the chief judge with the approval of a majority of the circuit judges, and such Official Court Reporters neither being disqualified nor unable to perform their duties, the operation of Section 29.07 was never triggered.
The judgment of the trial court is
Affirmed.

. By Ordinance No. 62-8, adopted February 20, 1962, Dade County provided a supplemental salary for each Official Court Reporter “duly appointed pursuant to the provisions of Chapter 29, Florida Statutes.” By Section 29.07, Florida Statutes, a “special reporter” is entitled to receive the same pay in the same manner as the Official Court Reporter.