The Honorable Louie L. Wainwright Secretary Department of Corrections 1311 Winewood Bouldevard Tallahassee, Florida 32301
Dear Secretary Wainwright:
This is in response to your request for an Attorney General Opinion on substantially the following questions:
 1. WHICH PERSONS ARE OFFICERS OF THE COURT WITHIN THE CONTEXT OF s 945.10(1), F.S.?
 2. ARE ATTORNEYS WHO REPRESENT INMATES IN ADMINISTRATIVE FORUMS, SUCH AS THE FLORIDA PAROLE AND PROBATION COMMISSION, OFFICERS OF THE COURT SUCH THAT THE PRESENTENCE INVESTIGATION REPORT SHOULD BE MADE AVAILABLE FOR THEIR REVIEW?
 3. IF THE ANSWER TO QUESTION NUMBER TWO IS THAT SUCH ATTORNEYS ARE OFFICERS OF THE COURT UNDER s 945.10(1), F.S., DOES s 945.10(2), F.S., PRECLUDE REVIEW OF THE PRESENTENCE INVESTIGATION REPORT IF THE DEPARTMENT HAS REASONABLE CAUSE TO BELIEVE THAT AN ATTORNEY MAY DIVULGE INFORMATION FROM THE PRESENTENCE INVESTIGATION REPORT TO THE INMATE?
QUESTION ONE
Section 945.10(1), F.S., states that:
 Except as provided below, information in a presentence investigation report made by the Department of Corrections shall be confidential and shall be available only to officers and employees of the court, the Legislature, the Parole and Probation Commission, the Department of Health and Rehabilitative Services, the Department of Corrections, and public law enforcement agencies in the performance of a public duty or, with the written permission of the Department of Corrections, to parties establishing legitimate research purposes. The Department of Corrections shall promulgate rules and regulations stating what portions of its files, reports, or records are considered confidential and subject to restricted view. The Department of Corrections shall promulgate rules and regulations to prevent the disclosure of confidential information to unauthorized parties, except as provided above. However, nothing in this subsection shall alter other provisions of the law relating to the accessibility of inmate records.
Section 945.10, F.S., contains no definition of the phrase "officers . . . of the court" as it is used in that section. However, in several instances, statutory provisions or Florida case law have established certain persons as officers of the court. Section 26.49, F.S., provides that the sheriff of the county shall be the executive officer of the circuit court of the county. See also, s 34.07, F.S., which states that "[t]he sheriff of the county shall serve and execute all civil and criminal processes of (the county court) and do and perform all duties in and about said court, which are required to be performed by an executive officer;" and s 16, Art. V, State Const., providing for a clerk of the circuit court in each county. In Burns v. Burns,13 So.2d 599 (Fla. 1943), a divorce action, the court referred the cause to a special master to hear evidence, rule upon its admissibility and report the same to the court with findings of fact. In assessing the role of the special master in the proceeding the court stated that ". . . the master is not a servant of any party to the suit, nor a mere automaton. On the other hand, he is a highly important and responsible officer of the court, acting for and under the appointment of the court, and vested with considerable authority of a judicial nature by the statutes, and usually also by the order of the court appointing him." Burns v. Burns, supra at 602. In Blitch v. Buchanan, 131 So. 151, 154
(Fla. 1930), the court held that a competent court had statutory and inherent powers to appoint suitable persons to perform court functions or execute its orders and mandates, where no officer is available for that purpose. And see, ss 27.16, 28.09, 29.07,30.12, F.S.; Petition of Stoll, 309 So.2d 190, 191 (1 D.C.A.Fla., 1975) (even without a specific rule so providing, courts have inherent power to appoint an elisor or process server upon default or disqualification of the sheriff or other officers so authorized.)
It is the general rule that "an officer is one who holds, or is an incumbent of, an office, or who performs the duties of an office, or is lawfully invested with an office. `Officer' is inseparably connected with `office; ` there can be no officer without an office. One who is engaged to render service in a particular transaction is not an officer in the ordinary acceptance of the term . . . . By custom the word `office' has come to be applied more particularly to the public service." See, 67 C.J.S. Officers s 2, pp. 218-219, 220. A "public office" is the right, authority and duty created and conferred by law, by which for a given period an individual is invested with some part of the sovereign functions of the government to be exercised for the benefit of the public. 67 C.J.S. Officers s 4; Pace v. King, 38 So.2d 823, 826
(Fla. 1949). The powers and duties of state and county officers must be "fixed by law." See, s 5(c), Art. II, State Const.; and see, Dade County v. State, 116 So. 72 (Fla. 1928); State v. Sheats,83 So. 508 (Fla. 1919). In the case of Robbin v. Brewer,236 So.2d 448 (4 D.C.A.Fla., 1970), the court was called upon to determine whether an official court reporter was an officer or an employee of the court. Quoting from the case of State ex rel. Clyatt v. Hocker, 22 So. 721 (Fla. 1897), the court determined the meaning of "officer" as follows:
 The term `office' implies a delegation of a portion of the sovereign power to, and possession of it by, the person filling the office; a public office being an agency for the state, and the person whose duty it is to perform the agency being a public officer. The term embraces the idea of tenure, duration, and duties, and has respect to a public trust to be exercised in behalf of government, and not to a merely transient, occasional, or incidental employment. A person in the *2735 service of the government, who derives his position from a duly and legally authorized election or appointment, whose duties are continuous in their nature, and defined by rules prescribed by government, and not by contract, consisting of the exercise of important public powers, trusts, or duties, as a part of the regular administration of the government, the place and the duties remaining though the incumbent dies or is changed, is a public officer; every `office,' in the constitutional meaning of the term, implying an authority to exercise some portion of the sovereign power, either in making, executing, or administering the laws.
The test described in the State ex rel. Clyatt v. Hocker case, supra, is known as "the sovereign power principle" (see, Robbin v. Brewer, supra at 451) and was used in the Robbin case to distinguish the officer-employee status, i.e., that an officer must exercise sovereign powers. In Robbin, supra, the court also cited the Florida Supreme Court's holding in In re Executive Communication, 12 Fla. 651 (1868), defining an officer as a "person commissioned or authorized to perform any public duty." And see generally, 21 C.J.S. Courts s 142a, regarding ministerial officers, attendants and assistants of the court which states that court attendants are a necessary adjunct to the due and orderly administration of the business of a court but are ordinarily regarded as employees rather than officers.
Upon a close reading of s 945.10(1), F.S., it appears that the list of persons to whom information in a presentence report is to be made available is modified and limited to the enumerated persons while "in the performance of a public duty . . . ." Used as an adjective, as it is in this phrase, "public" is defined as "[p]ertaining to a state, nation, or whole community; proceeding from, relating to, or affecting the whole body of people or an entire community." Black's Law Dictionary 1393 (Rev. 4th ed. 1968). See generally, 73 C.J.S. Public. In the case of Hall v. State, 187 So. 392, 398 (Fla. 1939) it is stated that the word "duty" when used in a statute is not necessarily restricted to those duties expressly detailed in the statute but may be construed to cover those duties which are fairly or necessarily implied or incidental to the expressly imposed duty. Further, the court stated that a duty is commonly regarded as the designation of those obligations of performance, care or observance which rest upon a person in an official or fiduciary capacity. See also, Black's Law Dictionary 595 (Rev. 4th ed. 1978). As herein above noted, the authority and duties of public officers must, ordinarily, be delegated or conferred by law and they owe such duties to the public generally and perform the same for the benefit of the public. Officers and employees of the court acting in the performance of a public duty would appear to be those officers or employees performing some court or judicial duty.
In sum, in the absence of any substantive legislative direction or pertinent judicial precedent on this matter, I am of the view that an officer of the court in the performance of a public duty within the context of s 945.10(1), F.S., is one who has been duly appointed by the court to perform some judicial function or execute its orders and mandates or whose court duties or judicial authority is conferred by law and who possesses sovereign authority and acts or performs duties on behalf of the public as a whole within the judicial sphere.
QUESTION TWO
Your second question regards whether attorneys who represent inmates in administrative forums (the example you have provided is the Florida Parole and Probation Commission) are considered officers of the court for purposes of releasing the report to them for review. While there is no judicial precedent directly addressing this matter, I have the view that an attorney who represents inmates of state correctional institutions in administrative forums, i.e., who is acting on behalf of his or her individual client, would not be an agency of the state or an officer of the court in the performance of a public duty as described in Question One.
QUESTION THREE
As your third question is premised on an affirmative answer to Question number Two, no response need be made to Question Three. However, I would note that, pursuant to s 945.10(2), F.S., the Department of Corrections is required to restrict release of information to any person except members of the news media and those listed in s 945.10(1), F.S. (including officers of the court), when there is reasonable cause to believe that such person may divulge such information to the inmate. By its terms, s945.10(2), F.S., provides an express exception from the restrictions placed on release of such information for those persons who are specifically enumerated in subsection (1) and the news media. Where the legislative intent is clearly manifest by the language used, considered in its ordinary grammatical sense, rules of construction and interpretation are unnecessary and inapplicable. Clark v. Kreidt, 199 So. 333 (Fla. 1940); State ex rel. Southern Roller Derbies v. Wood, 199 So. 262 (Fla. 1940). Further, the plain language of a statute must be read to mean what it says. Carson v. Miller, 370 So.2d 10 (Fla. 1979); Phil's Yellow Taxi Co. v. Carter, 134 So.2d 230 (Fla. 1961).
Therefore, it is my opinion, until legislatively or judicially determined otherwise, that an officer of the court in the performance of a public duty within the context of s 945.10(1), F.S., is one who has been duly appointed by the court to perform some judicial function or execute its orders and mandates or whose court duty or judicial authority is conferred by law and who possesses sovereign authority and acts or performs duties on behalf of the public as a whole within the judicial sphere. An attorney who represents inmates of state correctional institutions in administrative forums, such as the Parole and Probation Commission, would not be an agency of the state or an officer of the court for the purposes of s 945.10(1), F.S.
Sincerely,
Jim Smith Attorney General
Prepared by:
Gerry Hammond Assistant Attorney General