Mr. Hans D. Behrens Building Director Charlotte County Building Department Room 105 Charlotte County Administration Complex 18500 Murdock Circle Port Charlotte, Florida 33948-1094
Dear Mr. Behrens:
This is in response to your request for an Attorney General's Opinion on the following question:
 IS CHARLOTTE COUNTY AUTHORIZED TO REGULATE WATER CONDITIONING SERVICES OPERATORS BY REQUIRING THAT SUCH OPERATORS BE LICENSED AS PLUMBERS PURSUANT TO CH. 489, F.S., OR THAT SUCH OPERATORS BE LICENSED AS WATER CONDITIONING CONTRACTORS PURSUANT TO CHARLOTTE COUNTY ORDINANCE NO. 83-04 REQUIRING AN EXAMINATION?
Your letter states that Charlotte County currently regulates water conditioning companies by one of two methods, i.e., a contractor for such a company must either be a licensed plumber pursuant to provisions of Ch. 489, F.S., or licensed as a water conditioning contractor pursuant to Charlotte County Ordinance 83-04, which requires a "Block proctored examination." You have become aware of new legislation in this area, specifically Ch. 84-160, Laws of Florida (which is a committee substitute for House Bill No. 836), and inquire regarding the authority of the Charlotte County building department to continue to regulate water conditioning contractors.
Chapter 84-160, Laws of Florida, which was enacted during the 1984 legislative session, amends s 489.103, F.S., providing exemptions from the statutory regulation of construction contracting by the state. This amendment adds a new exemption to those listed in s489.103, F.S., and reads as follows:
489.103 Exemptions. — This act does not apply to:
 (15) The installation and maintenance of water conditioning units for domestic, commercial, or industrial purposes by operators of water conditioning services. No municipality or county shall adopt an ordinance, rule, or regulation which requires such an operator to become licensed, certified, or registered as a plumber or which otherwise prevents the installation and maintenance of such water conditioning units by an operator. (e.s.)
Section 1, Ch. 84-160, Laws of Florida. As further expressed in the title thereto, Ch. 84-160, supra, is "[a]n act relating to contracting; . . . exempting the installation and maintenance of certain water conditioning units from provisions regulating contracting; prohibiting political subdivisions from regulating operators of water conditioning services. . . ." (e.s.) It would appear that the legislative intent of the act, as expressed in the language used therein and the title thereto, was not only to provide an exemption for the installation and maintenance of water conditioning units from Ch. 489, F.S., constituting state regulatory provisions, but also to prohibit local governmental entities from regulating the operators of such services. Where the legislative intent is clearly manifest by the language used, considered in its ordinary grammatical sense, rules of construction and interpretation are unnecessary and inapplicable. See, Clark v. Kreidt, 199 So. 333 (Fla. 1940); State ex rel. Southern Roller Derbies v. Wood, 199 So. 262 (Fla. 1940).
As is provided in s 1(f), Art. VIII, State Const.:
 Counties not operating under county charters shall have such power of self-government as is provided by general or special law. The board of county commissioners of a county not operating under a charter may enact, in a manner prescribed by general law, county ordinances not inconsistent with general or special law, but an ordinance in conflict with a municipal ordinance shall not be effective within the municipality to the extent of such conflict. (e.s.)
See also, s 125.01, F.S., stating that the legislative and governing body of a county is empowered to carry on county government as described in Ch. 125, F.S., to the extent not inconsistent with general or special law. In sum, to the extent any county ordinance is in conflict with or inconsistent with a provision of state statutory law, the ordinance must fail. Cf., Campbell v. Monroe County, 426 So.2d 1158 (3 D.C.A.Fla., 1983); City of Miami Beach v. Rocio Corp., 404 So.2d 1066 (3 D.C.A.Fla., 1981), petition for review denied, 408 So.2d 1092 (Fla. 1981). See also, AGO's 84-42, 83-67 and 81-48. The provisions of Ch. 84-160, Laws of Florida, expressly prohibit any municipality or county from adopting an ordinance, rule or regulation requiring a water conditioning services operator to become licensed, certified or registered as a plumber or which would otherwise prevent the installation or maintenance of water conditioning units by an operator. To the extent that any county or municipality attempts to regulate, by ordinance or otherwise, water conditioning services operators in a manner which conflicts with or is inconsistent with Ch. 84-160, supra, after October 1, 1984, such local regulation would be invalid.
In sum, it is my opinion that the provisions of Ch. 84-160, Laws of Florida, prohibit Charlotte County from requiring by ordinance that a water conditioning services operator become licensed, certified or registered as a plumber pursuant to Ch. 489, F.S., or imposing other requirements which would prevent the installation and maintenance of such units by an operator.
Sincerely,
Jim Smith Attorney General
Prepared by:
Gerry Hammond Assistant Attorney General