Dear Mr. McInnis:
On behalf of the Ocean City — Wright Fire Control District, you ask substantially the following question:
Does section 125.01045, Florida Statutes, or section 166.0446, Florida Statutes, apply to an independent special district that is created by the Legislature to provide fire control and emergency response services and is subject to Chapter 191, Florida Statutes?
In sum:
The prohibitions in sections 125.01045 and 166.0446, Florida Statutes, which respectively prevent a county or a municipality from collecting first responder fees, do not apply to an independent special district that is created by the Legislature to provide fire control and emergency response services and is subject to Chapter 191, Florida Statutes.
The Ocean City — Wright Fire Control District is an independent special district created to provide fire control services within the district.[1] Section 8 of its charter, recodified by the Legislature in 1999, authorizes the district to provide for fire suppression and prevention and to establish and maintain emergency medical and rescue response services.[2]
During the 2009 legislative session, the Legislature enacted Chapter 2009-191, Laws of Florida, which created sections 125.01045 and 166.0446, Florida Statutes. Section 125.01045, entitled "Prohibition of fees for first responder services," provides:
"(1) A county may not impose a fee or seek reimbursement for any costs or expenses that may be incurred for services provided by a first responder, including costs or expenses related to personnel, supplies, motor vehicles, or equipment in response to a motor vehicle accident, except for costs to contain or clean up hazardous materials in quantities reportable to the Florida State Warning Point at the Division of Emergency Management, and costs for transportation and treatment provided by ambulance services licensed pursuant to s. 401.23(4) and (5).
(2) As used in this section, the term "first responder" means a law enforcement officer as defined in s. 943.10, a firefighter as defined in s. 633.30, or an emergency medical technician or paramedic as defined in s. 401.23 who is employed by the state or a local government. A volunteer law enforcement officer, firefighter, or emergency medical technician or paramedic engaged by the state or a local government is also considered a first responder of the state or local government for purposes of this section."
Similar language is contained in section 166.0446, Florida Statutes, for municipalities which are prohibited from imposing a fee or seeking reimbursement for any costs or expenses that may be incurred for services provided by a first responder.
While a question might be raised as to whether a firefighter, emergency medical technician, or paramedic employed by a special district is a "first responder" as defined in sections 125.01045(2) and 166.0446(2), Florida Statutes, [3] the prohibition in the statutes regarding reimbursement of first responder fees clearly refers only to a county or a municipality. An independent special district is not a county or a municipality.[4]
Moreover, section 191.009(3)(c), Florida Statutes, authorizes the governing board of an independent fire control district, created by special law or general law of local application, to
"provide a reasonable schedule of charges for responding to or assisting or mitigating emergencies that either threaten or could threaten the health and safety of persons, property, or the environment, to which the district has been called, including a charge for responding to false alarms."[5]
The Legislature, in enacting Chapter 2009-191, Laws of Florida, was aware of this statutory provision.[6] Had the Legislature wished to include an independent special district, it easily could have done so.
Accordingly, I am of the opinion that the prohibitions in sections 125.01045 and 166.0446, Florida Statutes, which respectively prevent a county or a municipality from collecting first responder fees, do not apply to an independent special district that is created by the Legislature to provide fire control and emergency response services and is subject to Chapter 191, Florida Statutes.
Sincerely,
 Bill McCollum Attorney General
BM/tjw
[1] See s. 1 of the charter, as recodified in s. 2, Ch. 99-478, Laws of Fla. And see the Official List of Special Districts, prepared by the Department of Community Affairs pursuant to s. 189.4035, Fla. Stat., which lists the Ocean City — Wright Fire Control District as an independent special district (http://www.floridaspecialdistricts.org/OfficialList/report.cfm).
[2] See s. 2, Ch. 99-478, Laws of Fla.
[3] Sections 125.01045(2) and 166.0446(2), Fla. Stat., refer to such personnel employed by a "local government." The term "local government" is sometimes defined to include special districts.See, e.g., ss. 542.17(8) and 161.021(10), Fla. Stat., defining "Local government" to include certain special districts as well as counties and municipalities. Compare
ss. 705.101(1) and 380.503(3), Fla. Stat., which define the term to refer to a county or municipality.
[4] See, e.g., In re Advisory Opinion to the Governor,630 So. 2d 1055 (Fla. 1994), in which the Florida Supreme Court concluded that a special district office is not a state, municipal, or county office within the meaning of Art. II, s. 5(a), Fla. Const., the dual office-holding prohibition against simultaneously holding more than one state, county, or municipal office.Cf. Art. VII, s. 9, Fla. Const., establishing separate millage limits on counties, municipalities, and special districts. Andsee Florida State Racing Commission v. Bourquardez,42 So. 2d 87 (Fla. 1949); State ex rel. Southern Roller Derbies v.Wood, 199 So. 262 (Fla. 1940) (Legislature is presumed to know meaning of words and thus, legislative intent is first to be determined by the language used).
[5] See s. 191.003(1), (2), and (5), Fla. Stat., which respectively provide:
"(1) `Board' means the governing board of a district.
(2) `District' means an independent special fire control district as provided in this act.
* * *
(5) `Independent special fire control district' means an independent special district as defined in s. 189.403, created by special law or general law of local application, providing fire suppression and related activities within the jurisdictional boundaries of the district. The term does not include a municipality, a county, a dependent special district as defined in s. 189.403, a district providing primarily emergency medical services, a community development district established under chapter 190, or any other multiple-power district performing fire suppression and related services in addition to other services."
[6] See The Florida Senate Bill Analysis and Fiscal Impact Statement on CS/SB 2282, dated April 16, 2009, p. 6, available online at: http://www.flsenate.gov/data/session/2009/Senate/bills/ analysis/pdf/2009s2282.ft.pdf.