STATE, *ex rel.* JOHN RAUSCHER, *et al.,* v. H. E. GANDY, Sheriff.

178 So. 166.
Opinion Filed December 18, 1937.

*R. H. Merritt, Philip D. Beall* and *J. M. Coe,* for Relators;
*J. McHenry Jones* and *John L. Reese,* for Respondent.

WHITFIELD, J.—An alternative writ of mandamus issued from this Court seeks to have the Sheriff of Escambia County, Florida, appoint a named person a deputy sheriff upon the recommendation of the Board of County Commissioners of the county, to act as a traffic officer in the county under Chapter 12002, Acts of 1927. Sec. 2878, *et seq.,* C. G. L.

A motion to quash the alternative writ raised questions as to the validity of the statute, with reference to the title and to provisions contained in the body of the Act.

The subject of statutory regulation expressed in the title to Chapter 12002, Acts of 1927, is one in relation to the appointment, duties and compensation of "traffic officers" upon the public highways outside the limits of incorporated cities and towns of the State.

The fact that the title does not refer to a provision in the body of the Act that the Act shall not apply to counties in which, under another stated general statute, traffic officers have been appointed and are functioning, does not render the title misleading or make the statute a special or local law in violation of original Sections 20 and 21, Article III, Constitution.

In requiring the traffic officers to "be duly appointed and qualified deputies, acting under the respective sheriffs of the several counties," the statute constitutionally interpreted contemplates that the traffic officers provided for shall be duly appointed and qualified deputy sheriffs who may with the consent of the sheriff be employed as "traffic officers" in the counties respectively, by the county commissioners who pay the salaries and expenses of the deputies when they act as "traffic officers." Upon the recommendation of the county commissioners a sheriff's deputy shall be dismissed as a "traffic officer," but may remain a deputy sheriff if the sheriff so desires. A deputy sheriff is not an independent officer, but acts for and in the name of the sheriff; and when a deputy sheriff is duly employed as a county "traffic officer," his compensation may be paid by the county commissioners as the law provides.

The statute prescribes in general terms the duties of the "traffic officers." This does not preclude reasonable regulations by the county commissioners to be observed in the

performance of the statutory duties of the "traffic officers" so as to make the employment of such officers appropriate and effective if no undue responsibility is imposed upon the sheriff for the conduct of his duties in observing proper regulations prescribed by the county commissioners to meet the requirements of traffic control. The statute contemplates that reasonable recommendations by the county commissioners for the appointment by the sheriff of suitable deputies for employment by the county commissioners as "traffic officers" shall be observed by the sheriff so that traffic regulation may be made effective. But the sheriff has a right to select his deputies for whose official acts he is responsible, and the statute cannot legally *require* the sheriff to appoint a deputy upon the recommendation of the county commissioners if the sheriff has a valid objection to making the appointment, since that would be an attempt to impose upon the sheriff responsibility for acts of the deputy without the consent of the sheriff.

Motion to quash the alternative writ is granted.

ELLIS, C. J., and TERRELL, BROWN, BUFORD and CHAPMAN, J. J., concur.