309 So.2d 190 (1975)
PETITION OF Marc Alan STOLL and Gregory Lloyd Miele.
No. W-530.
District Court of Appeal of Florida, First District.
March 12, 1975.
Ellis E. Neder, Jr., Jacksonville, for appellants.
Robert L. Shevin, Atty. Gen., and Clarence Holmes, Asst. Atty. Gen., for appellee.
*191 BOYER, Judge.
The only issue before us is whether a trial court may be required to appoint a qualified person to serve process under the authority of Rule 1.070(b) RCP.
Appellants, obviously well qualified in every respect, filed a petition in the Circuit Court of the Fourth Judicial Circuit of Florida alleging their qualifications, that they have no interest in any action pending in such court, requesting "The court to enter an order allowing them to serve process for all actions brought in the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida". The Circuit Court of the Fourth Judicial Circuit, sitting en banc, the Chief Judge presiding, considered the petition and entered a final judgment denying same. Appeal was timely filed to which the Circuit Court of the Fourth Judicial Circuit and the Sheriff of Duval County responded, moving for dismissal of the appeal.
The respondents urge that the Sheriff, and his duly qualified deputies, are the only persons qualified to serve process, citing F.S. 48.021 which provides as follows:
"All process shall be served by the sheriff of the county where the person to be served is found, but witness subpoenas may also be served by any person authorized by rules of procedure."
Appellants contend that Rule 1.070(b) RCP authorizes the Circuit Court to designate persons for the purpose of effecting service of process. The pertinent portion of that rule is as follows:
"Service of process may be made by an officer authorized by law to serve process but the court may appoint any competent person not interested in the action to serve the process. * * *"
Clearly service of process is a procedural step in the prosecution of litigation and is within the ambit of the rule-making power vested in the Supreme Court of Florida by Article V of the State Constitution. Indeed, even without a specific rule so providing, courts have the inherent power to appoint an elisor (process server) upon default or disqualification of the sheriff or other officers so authorized. (See Bruner v. Superior Court, 92 Cal. 239, 28 P. 341, People v. Fellows, 122 Cal. 233, 54 P. 830 and Doherty v. Kalmback, 66 App.D.C. 322, 87 F.2d 539, 541.)
However, in the case sub judice appellants did not allege in their petition disqualification, default nor inability on the part of the sheriff and deputy sheriffs of Duval County. Having failed to so allege, and it being apparent that the wording of the above cited rule is discretionary and not mandatory, the Circuit Court of Duval County, though authorized, was not required to appoint a person to serve process. Further, it is apparent that the rule does not contemplate that the court be required to appoint any particular person or persons to serve process, that designation being exclusively within the discretion of the court. Had the petition alleged that litigants, or any particular litigant, had been deprived of service by virtue of default, disqualification or inability on the part of the sheriff or his deputies, then the court would no doubt have had the duty to appoint an elisor, but not necessarily of petitioners' choosing: That point, however, is not now before us.
The motion to quash is granted.
It is so ordered.
RAWLS, C.J., and McCORD, J., concur.