Mr. Guy M. Tunnell Chief of Police City of Lynn Haven Lynn Haven, Florida 32444
Dear Chief Tunnell:
This is in response to your request in your capacity as Police Chief of the City of Lynn Haven for an opinion on substantially the following questions:
 1. IS A MUNICIPAL POLICE OFFICER AUTHORIZED TO EXECUTE COURT ORDERS, WRITS, SUBPOENAS, WARRANTS WHICH ARE EXPRESSLY ADDRESSED "TO ALL AND SINGULAR THE SHERIFFS OF THE STATE OF FLORIDA"?
 2. WHAT IS THE RESPONSIBILITY OF A SHERIFF'S OFFICE FOR A PRISONER PROCESSED INTO A COUNTY CORRECTIONAL FACILITY BY A MUNICIPAL POLICE OFFICER, WITH RESPECT TO COURT APPEARANCES, PARTICULARLY FIRST APPEARANCE HEARINGS WITHIN THE TWENTY-FOUR HOUR PERIOD IMMEDIATELY FOLLOWING ARREST?
 3. MAY A SHERIFF'S OFFICE CHARGE A MUNICIPALITY FOR EXPENSES FOR ANY PRISONER ARRESTED AND DETAINED AT THE COUNTY JAIL BY THE MUNICIPALITY'S POLICE OFFICERS?
QUESTION ONE
Your first question asks if a municipal police officer is authorized to execute court orders, writs, subpoenas, or warrants which are expressly addressed "To All and Singular The Sheriffs of the State of Florida." Your letter of inquiry stipulates that your municipal police department is not party to a mutual aid agreement and has no officers commissioned as deputy sheriffs, such that the answer to this question would be affected.
For the following reasons, your question is answered in the negative.
The service of process of the courts of this state is a procedural matter, see, AGO 81-38, and authorities cited therein, and the exclusive power to make rules governing the practice and procedure in the state courts is vested in the Supreme Court pursuant to s. 2, Art. V, State Const.[1] Petition of Stoll, 309 So.2d 190 (1 D.C.A.Fla., 1975) (service of process a procedural step within ambit of court's rulemaking power). Rule 1.070, Fla.R.Civ.Pro., is an example of the Florida Supreme Court's implementation of that power, subsection (b) thereof providing: "Service of process may be made by an officer authorized by law to serve process but the court may appoint any competent person. . . ."[2]
Section 30.15, F.S., expressly provides in pertinent part:
 Sheriffs, in their respective counties, in person or by deputy, shall:
 (1) Execute all process of the Supreme Court, circuit courts, county courts, and boards of county commissioners of this state, to be executed in their counties;
 (2) Execute such other writs, processes, warrants, and other papers directed to them, as may come to their hands to be executed in their counties[.] (e.s.)
See also, ss. 30.17 (sheriff's execution docket), 30.231
(sheriff's fees for service of summons, subpoenas and executions), 30.19, 30.20, 30.21, 30.30 (sheriff's duties and liabilities in levying writs and process); s. 48.011 (process to be directed to sheriff). And see, AGO 83-28 (municipal police officer not authorized to execute or serve arrest warrants or any other criminal process); s. 901.04 provides that arrest warrants shall be executed only by the sheriff; AGO's 71-107, 81-38. Cf., s. 3(c), Art. V (Supreme Court marshall may deputize sheriff for execution of process of the court).
Note also, s. 901.10, F.S. (providing that a summons in a criminal case shall be served in the same manner as a summons in a civil action), and see, ss. 48.011, and 48.021, F.S. Section 48.021
expressly provides that all process under that chapter "shall be served by the sheriff," or by a special process server appointed by him pursuant to the requirements of s. 48.021(2), (3) and (4). See also, s. 48.195, F.S. (service of foreign process by sheriff). Compare, earlier version of s. 48.021, F.S., 1967, that authorized "constable of the district" to serve process.
As expressly provided in s. 30.15(1) and (2), and the other above cited statutes, it is the sheriff, and not municipal police officers, that is statutorily authorized to execute all process of the courts of this state. When the Legislature has prescribed the mode of doing a thing, that mode must be observed; when the controlling law directs how a thing shall be done that is in effect a prohibition against its being done in any other way. Alsop v. Pierce, 19 So.2d 799, 805-806 (Fla. 1944).
In view of the above authorities, it is my opinion that a municipal police officer is not authorized by statute to execute court orders, writs, subpoenas, or warrants which are addressed "To All and Singular The Sheriffs of the State of Florida."
QUESTIONS TWO AND THREE
Your second and third questions ask for a determination of the responsibility and authority of the sheriff's office concerning prisoner processing and prisoner expenses. Since it is the policy of our office to express no official opinion or comment as to the propriety of the official actions of a public official except at the request of that official — see, s. 16.01, F.S., and Statement of Policy Concerning Attorney General Opinions, 1984 Annual Report of the Attorney General, p. viii — this office's response to those questions will of necessity be general in nature.
Your letter does not advise as to the charges on which these prisoners were arrested; it fails to specify whether the charges were for a misdemeanor or felony or, alternatively, a violation of city ordinance. Moreover, your letter does not advise this office if there is a contractual agreement between the city and the county providing for detention and care of municipal prisoners in the county jail.
The responsibility for those prisoners processed into the county detention facility by a municipal police officer would appear to be dependent upon whether such prisoners are municipal or county prisoners. It is the nature of the offense rather than the jurisdictional identity of the arresting officer which determines the status of a prisoner. See, s. 951.23(1)(b), F.S., as amended, which defines "county prisoner" as "a person . . . detained in a county detention facility by reason of being charged with or convicted of either felony or misdemeanor." Compare, s.951.23(1)(d), defining "municipal prisoner" as "a person who is detained in a municipal detention facility by reason of being charged with or convicted of violation of municipal law or ordinance." And see, AGO's 75-47 and 72-346 (stating that a municipal police officer who arrests a person for violation of state law [felony or misdemeanor] is acting on behalf of the state and that a person so arrested by a municipal officer for violating state law is constructively a county prisoner for whose medical expenses and safekeeping the sheriff is responsible). See also, AGO's 75-47 and 72-346 (concluding that a municipality is responsible for medical costs of municipal prisoners and the sheriff is responsible for medical costs of county prisoners); AGO 76-139. This office has previously stated that a municipality has an obligation to continue to maintain security facilities to house prisoners charged with violations of municipal ordinances or should enter into an agreement with the county to house such prisoners in the county jail. See, AGO's 73-406, 73-81 and 72-259. As stated supra, this office has not been advised as to any agreement between the city and the county regarding municipal prisoners; however, assuming that such an agreement is in force, it would appear that the terms of the agreement would control the duties and responsibilities over those municipal prisoners housed in the county jail. If the prisoners in question, however, were arrested for violations of state law, although arrested by municipal police officers, they are county prisoners and the responsibility for such prisoners lies with the county.
In summary, it is my opinion that:
 (1) A municipal police officer is not authorized by statute to execute court orders, writs, subpoenas, or warrants which are addressed "To All and Singular The Sheriffs of the State";
 (2) The nature of the offense committed will, generally speaking, determine who has responsibility for a prisoner.
Sincerely,
Jim Smith Attorney General
Prepared by:
Anne Curtis Terry Assistant Attorney General
[1] Thus, municipalities possess no home rule power to grant their police officers the authority to execute process of the courts. Attorney General Opinion 81-38; s. 166.021(3)(b), F.S.
[2] See also, Bradley Fiduciary v. Cit. So. Intern. Bank,431 So.2d 196 (3 D.C.A.Fla., 1983) (service of process a procedural matter and if s. 48.021[2] conflicts on procedural point with R. 1.070[b], the rule prevails); Petition of Stoll, supra,309 So.2d at 191. Note also, AGO 83-28 (sheriff cannot direct municipal police department to serve arrest warrant or criminal summons).